STATE, *ex rel.* C. B. HALL, v. F. W. HILDEBRAND, R. L. WALL, W. B. TILTON, R. I. HAMRICK and X. B. ABROGAST as and constituting the Board of County Commissioners of Martin County, *et al.*

168 So. 531.
Opinion Filed May 23, 1936.

*T. T. Oughterson* and *A. R. Clonts,* for Relator;

*Evans Crary* and *J. Lewis Hall,* for Respondents.

PER CURIAM.—The sole question of law involved in this case is whether or not under Section 373 C. G. L., 316 R. G. S., a duly qualified elector lawfully registered to vote in a general election under Section 263 C. G. L., 227 R. G. S., must be registered on the primary election books as a Democrat in order to be entitled to participate in the Democratic primary election by having his name printed on the Democratic primary election ballot as a candidate for nomination as a candidate of the Democratic party for the ensuing general election.

It is contended by relator, who registered in September, 1934, to vote in the general election, but who has never since that time registered on the general primary election registration books as a declared Democrat, as contemplated by Section 373 C. G. L., 316 R. G. S., if he wishes to be taken, held and considered as a *member* of the Democratic Party, is entitled to have his name printed on the Democratic Party Primary Election ballot for the Primary Election of June 2, 1936, as a candidate for County Commissioner District No. 3, Martin County, Florida, solely because of the fact that he has executed in proper form and in *haec verba* and filed with the Clerk of the Circuit Court the exact candidate's oath prescribed by Section 383 C. G. L., 326 R. G. S., and has otherwise complied with the candidate's qualification requirements as to payment of qualification fees, etc.

While it is true that the Clerk of the Circuit Court has neither the responsibility, nor the authority to pass judgment upon the supposed ineligibility of candidates for office who properly comply with the form of the primary laws governing their becoming a candidate for nomination in primary elections, it is also not to be denied, as a settled rule of law that a peremptory writ of mandamus should never issue where the relator has plainly demonstrated on the face of his pleadings in the first instance, a clear lack of legal right in himself to the particular relief that he seeks to compel by mandamus.

The primary election laws of this state clearly require participants in primary elections, whether as voters or candidates, to specially register for that purpose. See Sec. 373 C. G. L., 316 R. G. S. Such primary election registration is altogether separate and distinct from registration under Sections 263 C. G. L., 227 R. G. S., *et seq.*, to vote in general elections.

For primary elections a declaration of party affiliation on the primary election books is indispensable to qualify one to participate in such primary elections. Absent such declaration of party affiliation the registrant is not entitled to be considered as a legally registered member of the party whose affairs he seeks to participate in insofar as primary elections held under Section 355 C. G. L., 299 R. G. S., *et seq.*, are concerned.

Registration in the general election register does not contemplate a declaration of party affiliation while registration for primary elections makes the declaration of the registrant's party affiliation as much a required part of his registration to vote in a primary election, as the declaration of his name or place of residence is a part of his registration. See Section 373 C. G. L., *supra.*

In this case the relator's own pleadings voluntarily show a clear absence of legal right on his part to participate in the affairs of the Democratic Party, because of his failure to register and declare his party affiliation as a Democrat in the manner and method prescribed by law. Hence the peremptory writ of mandamus sought to have his name printed on the Democratic Primary Election ballots as a candidate for nomination by that party at the June 2, 1936, primary election, must be and is hereby denied and the proceeding dismissed at relator's cost.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.