SPECTOR, Chief Judge.
This is an original proceeding in mandamus whereby relator seeks the entry of an “order enjoining the respondent, Secretary of State Richard Stone, from certifying” Temperance W. Wright, the other respondent, as a duly qualified candidate for the office of member, Florida House of Representatives, District 106, on the grounds that the said Wright is not a duly qualified candidate because his candidacy is in violation of Section 99.012(2), Florida Statutes, F.S.A., known as the “Resign-to-Run Law”.
The petition avers that the relator is a duly elected member of the Florida House *57 of Representatives, District 106, and further that she has duly qualified to run as a candidate of her party for re-election to the same office in the impending primary elections. It is further averred that the respondent Wright has filed as a candidate for the same office notwithstanding that he has not resigned his appointive position as chairman of the City of Miami Planning and Zoning Board, which term of office he assumed in 1968 and extends to 1974.
Section, 99.061(4), Florida Statutes, F.S.A., provides that respondent Stone’s department “shall certify to the board of county commissioners within ten days after closing date for qualifying the names of all duly qualified candidates for nomination who are required by law to qualify with the department of state.” By her prayer for relief, relator asks us to grant injunc-tive relief by enjoining respondent Stone from certifying respondent Wright as a duly qualified candidate for the office in question. We have no authority under the constitution to issue injunctions. Under Article V, Section 5(3), Florida Constitution, F.S.A., we are empowered to issue writs of habeas corpus, mandamus, cer-tiorari, prohibition, quo warranto and all writs necessary or proper to the complete exercise of the court’s jurisdiction—but not injunction. That jurisdiction is lodged in our circuit courts. Cohen v. L’Engle, 24 Fla. 542, 5 So. 235. See also 8 Fla.Jur., Courts, Section 82, stating:
“The injunction is not mentioned among the extraordinary writs which the Constitution authorizes the Supreme Court to issue, and that court has no original jurisdiction of an injunction suit.” [Supportive citations omitted.]
The only recognized exception to the foregoing principle arises out of the constitutionally granted power to issue all writs necessary or proper to the complete exercise of our jurisdiction in connection with appeals. No appeal is here pending concerning the controversy alleged, ogor are we aware that the matter has been submitted to the circuit court.
Since we cannot grant injunctive relief, the court has considered the petition as one seeking the issuance of a peremptory writ of mandamus, rather than injunction, to see whether relator would be entitled to relief within the classic operation of that remedy. The Secretary of State, like other officials, may be required by mandamus to perform duties connected with his office which are purely ministerial in character, such as accepting a filing fee for election to office, Davis ex rel. Taylor v. Crawford, 95 Fla. 438, 116 So. 41. There seems to be little doubt that this rule is universally recognized. Hence, if the duty sought to be coerced is ministerial in nature and the respondent is under a clear legal duty to act, mandamus will lie. The duty sought to be coerced in this action is that the Secretary of State make a determination that Wright is the holder of an office from which he must resign in order to qualify as a candidate, that he has not resigned, and therefore he is not a “duly qualified” candidate subject to being certified under Section 99.061(4), Florida Statutes.
The duties that fall within the scope of mandamus are legal duties of a specific, imperative, and ministerial character as distinguished from those that are discretionary.
In the case at bar, the duty sought to be coerced is the removal of respondent Wright’s name from the list of candidates to be certified to the Board of County Commissioners as qualifying to run for House District 106 because Wright is said to be in violation of the Resign-to-Run-Law. Yet relator does not cite any law nor have we found any in our research which places a duty upon or empowers the Secretary of State to conduct an independent inquiry with respect to circumstances or facts dehors the qualifying papers which touch upon the qualifications of a candidate.
In Davis ex rel. Taylor v. Crawford, 116 So. 41, the Supreme Court resolved the *58 matter of respondent’s duty in the premises in the following manner :
“The law does not give the secretary of state any power or authority to inquire into or pass upon the eligibility of a candidate to hold office for the nomination for which he is running. . . .”
In State ex rel. Hall v. Hildebrand, 124 Fla. 363, 168 So. 531, 532, in an analogous situation the court said:
“ . . . it is true that the clerk of the circuit court has neither the responsibility nor the authority to pass judgment upon the supposed ineligibility of candidates for office who properly comply with the form of the primary laws governing their becoming a candidate for nomination in primary elections. . . .”
In the case at bar, it appears from the exhibits attached to the petition that the relator’s contention that respondent Wright is in violation of the Resign-to-Run Law, Section 99.012(2), Florida Statutes, is not without merit. The appointive office from which Wright allegedly did not resign appears not unlike the offices considered by the court in Orange County v. Gillespie, 239 So.2d 132 (Fla.App.1970), and Ballard v. Cowart, 238 So.2d 484 (Fla.App.1970), in which the courts held that the Resign-to-Run Law applies to an appointed member of the East Central Florida Regional Planning Council and an appointed member of the Hospital District Board of Hardee County. Both of these actions were for declaratory judgments, not mandamus. Nonetheless, under the decisions in Davis ex rel. Taylor v. Crawford, supra, and State ex rel. Hall v. Hildebrand, supra, the Secretary of State is without authority to pass judgment on questions dehors the filing instruments concerning the qualifications of candidates. That is a question that can only be decided by a court of competent jurisdiction. Since the Secretary not only has no clear legal duty to determine whether Wright has complied with the Resign-to-Run Law, but even if he were so inclined would be without authority to do so, we cannot issue a writ commanding him to do that which he is powerless to do.
The question of Wright’s qualification to be a candidate in light of the Resign-to-Run Law can only be determined in an action appropriate to that end in a court that is vested with jurisdictional power to effect the appropriate remedy. Neither is this court empowered to invoke injunctive remedy nor is mandamus the appropriate action.
Petition denied.
WIGGINTON and JOHNSON, JJ„ concur.