QUESTIONS: 1. Must a county commissioner be a resident of the county commission district in which he is elected? 2. If question 1 is answered in the affirmative, must a candidate for the office of county commissioner reside in the district in which he seeks election at the time of qualifying for office or may he file his qualification papers and thereafter become a resident of the district in which he seeks election? 3. If a candidate for the office of county commissioner is not required to be a resident of the district in which he seeks election at the time of qualifying for office, by what date must he become such a resident? 4. Should the name of a candidate for the office of county commissioner be removed from the ballot if it is determined that such candidate did not reside in the district in which he sought election at the time of qualification?
SUMMARY: Under Art. VIII, s. 1(e), State Const., a county commissioner is required to be a resident of the district in which he is elected. A candidate for the office of county commissioner is not specifically required by law to reside in the district in which he seeks election at the time of filing his qualification papers; however, in view of the oath that is required of a candidate at the time of qualifying, the suggested practice would be for a candidate to establish his residence in the district prior to qualifying for election from that district. AS TO QUESTION 1: With respect to the residence of county commissioners, Art. VIII, s. 1(e), State Const., presently provides that "[o]ne commissioner residing in each district shall be elected by the electors of the county." This language was first added as part of the 1968 revision of the State Constitution and it is clear from the commentary with respect to s. 1(e) of Art. VIII, id., that the quoted language requires that county commissioners reside in their respective districts. The commentary states, at 26A F.S.A., p. 269: This subsection was taken with only one amendment from the Revision Commission recommendations. The amendment is the substitution in the last sentence of "residing in" for the word "from," recommended by the Commission. The difference here is that the new constitution could require that the county commissioners reside in the district which they represent. (Emphasis supplied.) And at 26A F.S.A. p. 270, it is noted again in the commentary that "the new constitution provides that the commissioners must reside in their respective districts. . . ." On the basis of the foregoing, your first question is answered in the affirmative. AS TO QUESTION 2: As noted above, Art. VIII, s. 1(e), State Const., requires that "[o]ne commissioner residing in each district shall be elected . . . ." (Emphasis supplied.) It seems clear from the quoted language that the person elected to the office of county commissioner must be a resident of the district at the time of his election, but there is nothing in the Constitution which requires that he be a resident of the district prior to the day of his election. [It should also be noted that s. 99.032, F.S., which requires that a candidate for the office of county commissioner must have been a resident of the district from which he qualifies for six months prior to the qualifying date, was held to be unconstitutional in Wilson v. Newell, 223 So.2d 734 (Fla. 1969), as creating a qualification for office in addition to those prescribed by the Constitution.] Although the constitutional provision discussed above requires that a person elected to the office of county commissioner be a resident of the district he seeks to represent at the time of his election, it does not prescribe qualifications upon a person's eligibility or qualification to become a candidate for the office. In answering a similar question respecting the residence requirements of candidates for state legislative office, I noted in AGO 072-224 that even though a candidate is required by s. 99.021, F.S., to take an oath that "he is qualified under the Constitution and the laws of Florida to hold the office for which he desires to be nominated," a candidate did not have to meet the residence requirements at the time of qualifying for office. The authorities cited in AGO 072-224 compel a similar answer to the question presented here. However, as also noted in AGO 072-224, the execution of the candidate oath at a time when the candidate is not a resident of the appropriate district raises the possibility of conflict with statutory provisions relating to false swearing and perjury (see ss. 117.03, 104.011, 104.41, and 837.01, F.S.) and, therefore, the suggested practice would be for a candidate to establish his residence in the appropriate district prior to qualifying for office. AS TO QUESTION 3: As previously mentioned, the language of Art. VIII, s. 1(e), State Const., requires residence in the appropriate county commission district as of the day of the election. Accordingly, in order to be sure of complying with this constitutional provision, a candidate should establish his residence in the district he seeks to represent by no later than the day before the election. The process of establishing a new residence is not difficult. As I noted in AGO 072-224: If one wishes to become a resident in a . . . district other than the one where he presently resides within the county where he presently resides, all that is required is that he move there and do the things normally incidental to lawfully taking up a residence. One's residence can be changed within a very short time, given the requisite intent to permanently remain there and not return to the old locality. Bloomfield v. St. Petersburg Beach, Fla. 1955,82 So.2d 364; 11 Fla. Jur. Domicile and Residence s. 11. A resident has been defined as one who lives in a place with no present intent of moving therefrom. Kiplinger v. Kiplinger, Fla. 1941,2 So.2d 870. Thus, there is no great difficulty in becoming a resident of the . . . district from which one is to be elected. AS TO QUESTION 4:
In view of the answer to question 2, above, this question is answered in the negative, because such residence is not required at the time of qualification. Further, as noted in AGO 072-224: Where a candidate swears that among other things he is a qualified elector, the person required to certify the candidate should do so even though subsequently advised that the candidate was not, for example, a qualified elector at the time he qualified for nomination and that he had never been a registered voter until after the deadline for qualifying. AGO 058-231, July 22, 1958; State ex rel. Hall v. Hildebrand, 124 Fla. 363, 168 So. 531
(1936). One of my predecessors in office, in AGO 058-231, above mentioned, held the Secretary of State to be "acting properly in certifying a candidate even though there was a material defect, other than defect in form, in the candidate's oath or other qualifying papers." The reason given for such holding was that the certifying officer was merely exercising a ministerial function and was without the "power or authority to inquire or pass upon the eligibility of a candidate to hold the office for the nomination for which he is running," citing State ex rel. Hall v. Hildebrand, 124 Fla. 363, 168 So. 531 (1936). In accepting the papers such an officer has no duty to question beyond the four corners of the qualifying instrument.