QUESTIONS: 1. Do the Clerk of the House of Representatives and the Secretary of the Senate have any statutory obligation under Ch. 74-161, Laws of Florida [ss. 11.061 and 11.062, F.S. (1974 Supp.)], other than the preparation and distribution of forms designed to produce the information required by the statutes and setting up the mechanics for receiving and recording the information thereby produced? 2. If the answer to question 1 is in the affirmative: a. How often should the forms which will be, in fact, attendance reports, be filed with the clerk and the secretary? b. How, if at all, should a "state employee" be distinguished from a "state officer"?
SUMMARY: Chapter 74-161, Laws of Florida, imposes upon the Secretary of the Senate and the Clerk of the House the duty and function to establish and to keep and maintain an official registry and a program and system which will effectuate the registration of state employees as lobbyists and the recordation of attendance required by the statute. However, the statute does not impose any responsibility on the Clerk of the House and the Secretary of the Senate to determine who is or is not required by the act to register as lobbyists and to record the attendance regulated by the statute. The official registry or official record of such registration and regulated attendance, including any forms utilized in connection therewith, and the retention and disposal of such registries or records are subject to and governed by the Public Records Law, Ch. 119, F.S., and the Archives and History Law, Ch. 267, F.S., and such registries or official records are open to public inspection or examination. The acts of attendance regulated by Ch. 74-161, supra, on the part of the state employees designated in the statute are to be recorded with the Clerk of the House of Representatives and the Secretary of the Senate within a reasonable time from the occurrence or performance of such acts of attendance, depending upon the circumstances attending the particular time of attendance, either during the customary or established business hours of the recording offices on the day of the occurrence or during such business hours on the next ensuing business day of the recording officials next following such regulated attendance as the attending circumstances permit. Any person who is employed by any executive, judicial, or quasi-judicial department of state government, has not been duly commissioned by the Governor, and undertakes to lobby at the times and places and in the manner prescribed by Chapter 74-161, Laws of Florida, is a "state employee" within the purview, and subject to the terms, of that act. AS TO QUESTION 1: It is apparent from the whole of your inquiry that the forms referred to in this question relate both to the registration requirement of s. 1(1) of Ch. 74-161, Laws of Florida [11.061(1), F.S. (1974 Supp.)], and the recording of attendance requirement contained in s. 1(3) of Ch. 74-161 [11.061(3), F.S. (1974 Supp.)]. While s. 1(1), Ch. 74-161, supra, requires the Clerk of the House of Representatives and the Secretary of the Senate to provide forms for registration as a lobbyist by the state employees designated in the act and requires such employees to register on the forms so provided by the Clerk of the House and the Secretary of the Senate, s. 1(3) of Ch. 74-161, supra, does not in terms prescribe any form or the use of any form to accomplish the recording of attendance required by s. 1(3). However, s. 1(3) of Ch. 74-161 does require all state employees registered pursuant to the provisions of s. 1(1) of the act to record their attendance in the designated areas and places and during the times specified in the statute with the Clerk of the House and the Secretary of the Senate. This express provision by necessary implication imposes on the clerk and the secretary the duty and responsibility of establishing and maintaining an official book or record in which the regulated attendance or conduct of the designated employees is to be entered or "recorded." [See] 1 Fla. Jur. Administrative Law ss. 21 and 22; AGO 071-217; 30 Fla. Jur. Statutes s. 88. "That which is clearly implied (by statute) is as much a part of the law and is as effectual as that which is expressed." Girard Trust Co. v. Tampashores Development Co., et al., 117 So. 786, 788 (Fla. 1928). In the absence of statutory prescription, the physical form or characteristics of such official book or record must be determined by those officials charged with the duty and function of maintaining such book or registry. [See] 30 Fla. Jur. Statutes s. 89; 26 Fla. Jur. Public Officers s. 108. See also, In re Advisory Opinion to the Governor, 60 So.2d 285; Peters v. Hansen,157 So.2d 103; and 73 C.J.S. Public Administrative Bodies and Procedure ss. 30 and 73. With respect to registration as a lobbyist by the designated state employees, s. 1(1) of Ch. 74-161, supra, in pertinent part provides: Section 1. (1) Any person who is employed by any executive, judicial or quasi-judicial department of the state and who seeks to encourage the passage, defeat, or modification of any legislation by personal appearance or attendance before the house of representatives or the senate or any committee thereof shall, prior thereto register as a lobbyist with the clerk of the house of representatives and the secretary of the senate on a form to be provided by said officers in the same manner as any other lobbyist is required to register, whether by rule of either house or otherwise. This shall not preclude any person herein covered from contacting his legislator regarding any matter during hours other than the established business hours of his respective agency. (Emphasis supplied.) The manner in which other (private) lobbyists are required to register is presently governed by Senate and House rules 9 and 13, respectively. These rules have previously required all persons (including state employees) seeking "to encourage passage, defeat or modification of any legislation" before the Legislature, to register with the Clerk of the House and the Secretary of the Senate. Therefore, it would appear that the registration requirements of s. 1(1) of Ch. 74-161, supra, may be met by basically continuing the system presently utilized with respect to governmental employees of the state. Likewise, any forms or procedures presently employed for the registration of "other" or private lobbyists under and pursuant to said rules, insofar as they may be applicable to the state employee-lobbyist regulated by s. 1(1) of Ch. 74-161 may be used to accomplish the registration of such state employees with such modification thereof as may be deemed necessary and convenient to elicit information peculiar to their governmental employment and status. However, s. 1(1) of Ch. 74-161 refers only to the manner of registration required by the rules of either house of the Legislature. The act does not by reference incorporate such rules into and make the same a part of Ch. 74-161, and no substantive provisions of, or exceptions or exemptions from, the provision of such rules are incorporated by, or apply to, the provisions or requirements of Ch. 74-161. Section 1(1) of Ch. 74-161, supra, addresses itself only to the way or the method of registering as a lobbyist with the Clerk of the House and the Secretary of the Senate. It is concerned only with the mode of registering as distinguished from the information required or other substantive requirements for registration. With regard to the recording of attendance with the Clerk of the House and the Secretary of the Senate by state employees registered pursuant to s. 1(1) of the act, s. 1(3) of Ch. 74-161, supra, in pertinent part provides: Each state employee registered . . . shall record any attendance . . . during the established business hours of the agency by which he is employed with the clerk of the house of representatives and the secretary of the senate. (Emphasis supplied.) The word "record" is used in s. 1(3) as a verb, which in ordinary usage means or signifies a commitment to writing, the making of official note of, or to enroll or enter in, a book or other registry kept for the purpose of preserving evidence of the act or transaction so registered or recorded; to cause to be set down in writing or registered in an official book or other record as distinguished from the state of being recorded or the written memorial or registry itself. See the Random House Dictionary (Unabridged Edition); Black's Law Dictionary (rev'd. 4th ed.); 36A Words Phrases (Perm.Ed.) Record-Verb at p. 68 et seq. While it is the duty and obligation of the affected state employees to record or to cause to be registered or entered in or noted on the official registry their acts of attendance provided for and regulated by s. 1(3) of the act, such act or transaction is to be recorded with the Clerk of the House and the Secretary of the Senate. As hereinabove noted, the statute by necessary implication requires the Clerk of the House and the Secretary of the Senate to establish and maintain the official book or registry in which the acts of attendance or occurrences regulated by the act are to be recorded or memorialized, as well as to perform the actual act or function of entering or enrolling the data and information pertaining to such attendance in the official registry. Section 1(3) of the act being silent as to the physical form or characteristic of such official registry, the form or type of official registry to be kept and maintained by the clerk and the secretary and the method or procedure of performing the duty and function of enrollment or recordation is a matter within their province and for their determination. [See] 30 Fla. Jur. Statutes s. 89; 26 Fla. Jur. Public Officers s. 108. See also, In re Advisory Opinion to the Governor, supra, and Peters v. Hansen, supra; 73 C.J.S. Public Administrative Bodies and Procedure ss. 30 and 73. Since the legislation operates to require the Clerk of the House and the Secretary of the Senate to keep and maintain an official registry or record of attendance, any such registry or record of attendance is subject to the Public Records Law, Ch.119, F.S., and open to public inspection and examination in accordance therewith. The Public Records Law applies to "any state office, department," s. 119.011(2), and to "all state . . . records," s. 119.01, and "all documents, papers, . . . books . . . or other material, regardless of physical form or characteristics," s. 119.011(1). Where such general and comprehensive terms are used, they ordinarily indicate a legislative intent to include everyone and everything embraced within the meaning of such terms. Florida State Racing Commission v. McLaughlin, 102 So.2d 574 and Ballard v. Cowart, 238 So.2d 484
(2 D.C.A. Fla., 1970); see also, 30 Fla. Jur. Statutes s. 81 and 10B Fla. Digest Statutes s. 188. Clearly as used in the statute the terms "any state office" and "all state . . . records" exhaust the genus or class of state agencies and state records. Also there is nothing in any of the other terms in the statute which limit the exhaustive terms. Therefore, we must conclude that the retention and disposal of such records, or registry will be governed by Chs. 119 and 267, F.S. Chapters 119 and 267 are likewise applicable to the registration forms required under s. 1(1) of Ch. 74-161. It might be noted that Rules 9.7 and 13.7 of the Senate and House, respectively, both specifically provide that "the list of registered lobbyists and their reports required under these rules . . . shall be open to public inspection." In sum, I am of the opinion that Ch. 74-161, supra, imposes on the Clerk of the House and the Secretary of the Senate the duty and function to establish and to keep and maintain an official registry and a program and system which will effectuate the registration of state employees as lobbyists and the recordation of attendance required by the statute, but the act does not impose any responsibility on those officials to determine who is or is not required by the act to register as lobbyists and to record attendance in the areas and during the times specified in the statute. Cf., State ex rel. Cherry v. Stone, 265 So.2d 56 (1 D.C.A. Fla., 1972); State ex rel. Kaufman v. Sutton, 231 So.2d 874 (3 D.C.A. Fla., 1970). AS TO QUESTION 2: Regarding part (a) of your second question, Ch. 74-161, supra, relating to the time or times the registered attendance must be recorded with the Clerk of the House and the Secretary of the Senate, s. 1(3) of Ch. 74-161 in pertinent part provides: Each state employee registered . . . shall record any attendance . . . during the established business hours of the agency by which he is employed with the clerk . . . and the secretary. . . . The statute does not specify when such attendance is to be recorded, but when the purpose of the statute is considered (compiling current information concerning and regulation of lobbying by state employees), it is clear that the law implies that the act of attendance on the part of the designated state employees be recorded as required by the act within a reasonable time from the occurrence or performance of the act of attendance. An analogous situation is found in the laws of contract. When a contract is silent as to when the parties must perform, the courts have ruled that a reasonable time should be implied. Patrick v. Kirkland, 43 So. 969 (Fla. 1907), and Tyner v. Woodruff, 206 So.2d 684 (4 D.C.A. Fla., 1968). What constitutes a reasonable time within which to record such attendance with the designated officials would depend on the circumstances existing at the particular time of attendance. If the act of attendance should occur during the established business hours of the agency by which the affected state employee is employed and during the customary or established business hours of the office of the Clerk of the House and the Secretary of the Senate, such attendance should be recorded by the employee with those officials immediately following the termination of the regulated attendance; that is, the attendance should be recorded by the affected employee on the day of the occurrence and during the course of the normal business hours of the office of the Clerk of the House and the Secretary of the Senate. If the regulated attendance should commence during the established business hours of the agency by which the employee is employed and continue past the customary or established business hours of the recording officials, such attendance should be recorded by the affected employee with the recording officials on the next ensuing business day of the offices of the recording officials. [See, Sinclair v. State, 99 So.2d 238 (1 D.C.A. Fla., 1957)]. In the event that circumstances beyond the control of the affected employee prevent him or her from recording such attendance on the business day next following such attendance, the regulated attendance should be recorded with the recording officials on the first business day of such officials following the termination of such disabling circumstance. Regarding part b. of your second question, the Clerk of the House and the Secretary of the Senate are not empowered by the statutes to make such determination and are not by law charged with any duty or responsibility in such areas, nor does the statute vest any discretion in such regard to such officials. State ex rel. Cherry v. Stone, supra, and State ex rel. Kaufman v. Sutton, supra. Any employee of any department of government specified in the statute is required by the law to comply with the registration requirements thereof and to determine for himself whether he is subject to and within the terms of the law on pain of the penalties for forfeiture of and deduction from compensation or salary therein prescribed. It might be noted that the expressed terms of the statute do not prevent the attendance of those state employees who are not undertaking or seeking ". . . to encourage the passage, defeat, or modification of any legislation. . ." [s. 1(1), Ch. 74-161, supra] as spectators or otherwise in the ". . . legislative chambers, committee rooms, legislative offices, legislative hallways and other areas in the immediate vicinity. . ." [s. 1(3), Ch. 74-161, supra]. The title to the act sets forth the legislative purpose to regulate lobbying by state employees and to require the recording of time spent lobbying. It is therefore apparent that the statute does not extend to or embrace any state employee who is not engaged in or attempting to encourage the ". . . passage, defeat, or modification of any legislation. . . ." [s. 1(1), Ch. 74-161, supra]. As a general rule, under the Florida constitutional scheme of government, essential governmental functions or authority requiring independent judgment may not be exercised or performed by one not a duly commissioned officer. Florida Dry Cleaning and Laundry Bd. v. Economy Cash Carry Cleaners, Inc., et al., 197 So. 550 (Fla. 1940); Dade County v. State, 116 So. 72 (Fla. 1928). Article IV, s. 1, State Const., provides that the Governor shall commission all officers of the state; and Art. II, s. 5, State Const., requires each state officer to give bond as may be required by law and to take the oath prescribed therein before entering upon the duties of the office. I would conclude, therefore, that any person who is employed by any executive, judicial, or quasi-judicial department of state government, is not or has not been duly commissioned by the Governor, and seeks or undertakes to lobby at the times and places and in the manner prescribed and regulated by Ch. 74-161, supra, is a "state employee" within the purview of and subject to the terms and penalties of Ch. 74-161, supra.