QUESTION: Is the former municipal judge of the City of Port Richey, sitting as such when the municipal court was abolished subsequent to the effective date of amended Art. V of the State Constitution, eligible to qualify as a candidate for the office of county court judge?
SUMMARY: Candidates for election to the office of county court judge qualify with the Division of Elections of the Department of State, not with the clerk of the circuit court. There is case law in this state to the effect that the Division of Elections is without authority to reject any qualification papers which are in proper form. Any question as to a candidate's eligibility is a judicial question. You state in your letter that your need for an answer to this question arises from the fact that candidates for election to county offices file their qualification papers with your office. Such is the usual case, but under Ch. 105, F. S., it is provided otherwise with respect to candidates for judicial office. It is clear from s. 105.011, F. S., that the term "judicial office" includes the office of county court judge, and s. 105.031, F. S., provides, inter alia: "Candidates for judicial office shall qualify with the Division of Elections of the Department of State . . . . Filing shall be on forms provided for that purpose by the Division of Elections." (Emphasis supplied.) Section 105.031 goes on to specify the manner in which candidates for judicial office shall qualify, which includes the taking of an oath of office. Such being the case, the several clerks of the circuit courts have no role in the qualification of candidates for election to judicial office. It might be noted, generally, that in the case of State ex rel. Shevin v. Stone, 279 So.2d 17 (Fla. 1972), the Supreme Court of Florida made it clear that candidates who qualify with the Secretary of State's office are entitled to have their qualification papers accepted and filed if the papers are in proper order and otherwise in compliance with statutory requirements, and any question as to their eligibility to hold office becomes a judicial question if and when an appropriate challenge is made in the courts. As stated in State ex rel. Shevin v. Stone, supra, at p. 22: His [the Secretary of State's] charge under the constitution and statute does not extend to the substance or correctness or enforcement of a sworn compliance with the law — with "matters in pais", as it were. Once the candidate states his compliance, under oath, the Secretary's ministerial determination of eligibility (Emphasis by the court.) for the office is at end. Any challenge to the correctness of the candidate's statement of compliance is for appropriate judicial determination upon any challenge properly made, as here. (Emphasis supplied.) See also, Davis ex rel. Taylor v. Crawford, 116 So. 41,42 (Fla. 1928); State ex rel. Hall v. Hildebrand, 168 So. 531, 532
(Fla. 1936); State ex rel. Cherry v. Stone, 265 So.2d 56, 58 (1 D.C.A. Fla., 1972).