George Firestone Secretary of State Tallahassee
QUESTION:
Is a person who will become 70 years of age prior to the completion of one-half of the term of a judicial office eligible to be a candidate for that office?
SUMMARY:
It is unnecessary and improper for the Secretary of State to inquire into the veracity of a candidate's oath, filed with the Division of Elections, which asserts that he is qualified to be a candidate for judicial office. Once a candidate states has compliance under oath, the secretary's ministerial determination of eligibility is at an end.
Section 8, Art. V of the State Constitution provides `[n]o justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one-half of which he has served. . . .'
Your inquiry notes that an incumbent circuit court judge desires to seek reelection even though he will attain the age of 70 a few months after the beginning of the new term. You further indicate that, if he is reelected, he will apparently have to resign on his 70th birthday, as the new term of 6 years will not then be one-half completed. Therefore, you have requested an opinion as to whether, given these facts, he is eligible to be a candidate for judicial office. Additionally, you state that you need this information in your capacity as `chief elections officer of the state' so that you `can properly advise potential candidates.'
This office has previously opined that the Secretary of State is without authority to reject any qualification papers which are in proper form and, further, that any question pertaining to a candidate's eligibility is a judicial question. Attorney General Opinion 076-130; accord: State ex rel. Shevin v. Stone,279 So.2d 17 (Fla. 1972); see AGO 072-331.
The Stone court directly addressed this issue, holding:
 [The Secretary of State's] charge under the constitution and statute does not extend to the substance or correctness or enforcement of a sworn compliance with the law — with `matters in pais', as it were. Once the candidate states his compliance under oath, the Secretary's ministerial determination of eligibility for the office is at an end. Any challenge to the correctness of the candidate's statement of compliance is for appropriate judicial determination upon any challenge properly made, as here. [279 So.2d at 22.]
See also State ex rel. Cherry v. Stone, 265 So.2d 56 (1 D.C.A. Fla., 1972) (holding that the Secretary of State is without authority to rule on question dehors the filing instruments concerning the qualifications of candidates), and Davis v. Crawford, 116 So. 41 (Fla. 1928) (holding that the Secretary of State has no power or authority to inquire into eligibility of a candidate for public office).
Section 16.01(3), F. S., provides inter alia that the Attorney General shall, on the written requisition of a member of the Cabinet, give his official opinion and legal advice in writing on any question of law `relating to the official duties of the requesting officer.' (Emphasis supplied.) Since the above-referenced authorities indicate that the Secretary of State has no authority to inquire into a candidate's qualifications, I am of the opinion that such a matter does not relate to and is not included among his official duties. See ch. 105, F. S. (Nonpartisan Elections for Judicial Officers).
Prepared by: Anne Curtis, Assistant Attorney General