PER CURIAM.
Two regional referral hospitals appeal the lower court’s final judgment which dissolved its alternative writ of mandamus and upheld the comptroller’s authority to conduct an independent hearing of limited scope notwithstanding appellants’ certification which had stated that a “responsible county” was delinquent in its payment for services rendered by the appellants to indigents from that county pursuant to Section 154.314, Florida Statutes (1979). It is the position of the appellants that the comptroller had no authority to conduct such a hearing and that mandamus should lie to compel the comptroller to forward state monies to the appellants immediately upon receipt of certification without such a hearing.
Under Chapter 154, Florida Statutes, regional referral hospitals (such as the appellants) which perform services on behalf of indigents referred from counties, other than the county in which the hospital is located, are authorized to be reimbursed by the county where the indigent resides. Before the patient may be accepted, it is necessary that the county certify the patient as an indigent, or, if there is an emergency, that the county certify the necessity of emergency services if the attending doctor determines the existence of such an emergency. See § 154.306. Additionally, Section 154.-314 provides that if a county has not paid its bill within 60 days after being billed, the hospital is required to certify the amount due to the comptroller who shall forward the delinquent amount to the appropriate hospital from any funds due the county under revenue sharing or tax sharing funds established by the state.
The hospitals in the instant case complied with the statute and rules, but the comptroller inaugurated a hearing to determine the patients’ residence, the monetary value of the services provided, whether the indigents were emergency patients, whether they were in fact indigent, and whether adequate notice was given to the county. The appellants sought a writ of mandamus in the court below, and the court, by alternative writ of mandamus, directed that the proceeding before the comptroller be stayed. Later, however, the court entered a final judgment dissolving the writ, and in it held that the comptroller had a right to conduct a hearing, limited in scope, which need not be conducted in accordance with Chapter 120,[1] for the purposes of determining (1) whether the responsible county had received a statement of services rendered by the hospital, (2) whether the county had failed to dispute the claim within 60 days after receipt of the statement, or, if it did so, (3) whether administrative remedies had been exhausted and 30 days had elapsed since the entry of a final administrative order.
We agree with the lower court that the comptroller possesses authority to conduct a hearing limited in scope to determine if the prerequisites of Section 154.314 have been satisfied under the powers bestowed to the comptroller by virtue of Chapter 17, Florida Statutes (1979).[2] Cf. State, ex rel. *108 Cherry v. Stone, 265 So.2d 56 (Fla. 1st DCA 1972). The provisions in Chapter 17 and Section 154.314 should be read together to permit this result.
Since we hold that the comptroller is entitled, as a matter of discretion, to hold a hearing before forwarding the funds to the appellant, it is clear that mandamus is, under the circumstances, an inappropriate remedy. Although mandamus will lie to force a public officer to act, it cannot be used to control his discretion. Green v. Walker, 161 So.2d 830 (Fla.1964). Moreover, a writ of mandamus cannot issue where a right in question is doubtful or not complete. See 21 Fla.Jur., Mandamus, § 25 (Rev. 1964). Relief cannot be afforded by mandamus as to issues that are unripe for determination. See Howell v. State, 54 Fla. 199, 45 So. 453 (1907).
The final judgment is affirmed.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.

. The propriety of this portion of the order has not been made an issue by either of the parties to this appeal. A hearing complying with the dictates of Chapter 120 may of course be waived. City of Punta Gorda v. Public Emp. Relations Com’n, 358 So.2d 81 (Fla. 1st DCA 1978).

. The comptroller has specific authority to hold' such hearings under Sections 17.03 and 17.05, Florida Statutes. Section 17.03, titled To Audit Claims Against the State, provides:
(1) The Comptroller of this state, using generally accepted auditing procedures for testing or sampling, shall examine, audit, and settle all accounts, claims, and demands, whatsoever, against the state, arising under any law or resolution of the Legislature, and issue his warrant to the Treasurer directing him to pay out of the state treasury such *108 amount as shall be allowed by the Comptroller thereon, (e.s.)
Section 17.05 provides:
The Comptroller of this state may demand and require full answers on oath from any and every person, party or privy to any account, claim or demand against or by the state, such as it may be his official duty to examine into, and which answers he may require to be in writing and to be sworn to before himself or before any judicial officer or clerk of any court of the state so as to establish such Comptroller to decide as to the justice or legality of such amount, claim or demand.