ROTHENBERG, J.
Pleadro J. Scott (“Scott”) seeks a writ of mandamus compelling the Miami-Dade Corrections and Rehabilitation Department (“the Department”) to issue him an envelope and postage for the purpose of sending legal mail. After a jury conviction and subsequent appeal, Scott filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, asserting ineffective assistance of counsel. The trial court denied Scott’s rule 3.850 motion on October 29, 2013 as legally insufficient, but gave him forty-five days to amend his motion. Scott, however, is currently incarcerated, indigent, and unable to afford the requisite manila envelopes and stamps to mail his amended petition. Scott has requested postage on numerous occasions, but the Department refuses to provide anything more than a regular envelope and a single stamp, which are insufficient to send Scott’s amended 3.850 motion.
“Mandamus is a recognized remedy to require a public official, who is clothed with the authority, to discharge his duty.” Dante v. Ryan, 979 So.2d 1122, 1123 (Fla. 3d DCA 2008) (quoting Alexander v. City of Coral Gables, 745 So.2d 1004, 1005 (Fla. 3d DCA 1999)). Writs of mandamus are extraordinary remedies that “may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established in the law.” Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So.2d 861, 863 (Fla. 1st DCA 2004) (quoting Sancho v. Joanos, 715 So.2d 382, 385 (Fla. 1st DCA 1998)). Typically, a prisoner must exhaust all administrative remedies before seeking such a writ. See Dante, 979 So.2d at 1123 (“Prior to issuing an extraordinary writ, however, all administrative remedies must be exhausted.”); but cf. Henry v. Santana, 62 So.3d 1122, 1129 (Fla.2011) (finding that a court may not sua sponte raise a prisoner’s failure to exhaust administrative remedies in order to dismiss a writ of habeas corpus when the prisoner is seeking immediate release).
According to the record, Scott has submitted several grievances to the Department regarding his mailing issue, all of which were denied. Additionally, Scott specifically wrote that he needed a manila envelope to file his pleadings after his initial grievance was denied, and the Department informed Scott, in writing, “Rejected grievances can not [sic] be appealed.” The Department is incorrect in this assertion, see Fla. Admin. Code R. 33-103.007 (allowing appeals from grievances to the Office of the Secretary), but we nonetheless hold that Scott has sufficiently exhausted his administrative remedies for a court to address his claim.
This Court, however, is not the proper court to decide that issue. The Florida Constitution vests circuit courts with the power to issue writs of mandamus necessary or proper to the exercise of their jurisdiction, Fla. Const. Art. 5, § 5, and also vests district courts of appeal with the power to issue writs of mandamus necessary to complete the exercise of their respective jurisdiction, Fla. Const. Art. 5, § 4; see also Fla. R. App. P. 9.030. Although both courts have original jurisdiction to issue writs of mandamus, circuit courts typically have authority over mandamus actions stemming directly from a department of correction’s failure to act, see Bush v. State, 945 So.2d 1207, 1210 *743 (Fla.2006) (“[0]nce a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition.”) (emphasis added), while district courts typically address mandamus actions requiring a circuit court judge to act, see, e.g., Estevez v. Gordon, 386 So.2d 43, 45 (Fla. 3d DCA 1980) (issuing a writ of mandamus to the trial court judge directing him to exercise jurisdiction over the case). As such, Scott should have filed this mandamus petition in the Circuit Court for Miami-Dade County. This is especially so where, as here, Scott is currently housed in the Miami-Dade County jail across the street from the criminal division of the Miami-Dade County Circuit Court; his motion for postconviction relief relates to case number F09-60982, which was tried in Miami-Dade Circuit Court, and the Miami-Dade County Circuit Court has permitted Scott to file an amended rule 3.850 motion and has jurisdiction to assist Scott, who is indigent, in effectuating the filing of his amended motion.
We also note that Scott has available extra-legal remedies. It appears Scott is currently being housed in the Miami-Dade County Jail because he has another open and pending criminal case. Thus, Scott may be able to either ask his current counsel to assist him in the filing of his amended motion; or Scott can calendar his motion with the circuit court, request that he be brought to court, and file the motion in open court.
We therefore deny without prejudice Scott’s petition.
Chief Judge SHEPHERD concurs in result only.