# Third District Court of Appeal

**State of Florida**

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-911

_____

**Lucy Perry,**
Petitioner,

vs.

**Department of Children and Families,**
Respondent.

A Case of Original Jurisdiction—Mandamus.

Florida Legal Services, Inc., and Cindy Huddleston and Kathy Grunewald (Tallahassee); Legal Services of Greater Miami, Inc., and Liam Joseph McGivern and James Murray Slater, for petitioner.

Leslie Hinds St-Surin, Regional Legal Counsel, for respondent.

Before ROTHENBERG, SALTER, and SCALES, JJ.

SCALES, J.

Petitioner Lucy Perry seeks a writ of mandamus requiring Respondent Department of Children and Families ("DCF") to provide Petitioner with the notice and opportunity for hearing required by Florida's Administrative Procedure Act ("APA"). We deny the petition because DCF provided Petitioner with the required notice upon making its substantial interest determination.

## I. Facts

At all times material, Petitioner was a food assistance recipient pursuant to Florida's Supplemental Nutrition Assistance Program ("SNAP").[1] Florida's SNAP was modified in 2015, so that, effective January 1, 2016, SNAP recipients designated by DCF as being Able Bodied Adults Without Dependents ("ABAWDs") are required to participate in a SNAP Employment and Training ("E&T") program, operated by a local workforce services organization. The purpose of these E&T programs is to help SNAP recipients gain skills and work experience in order to achieve self-sufficiency. SNAP benefits cease if an ABAWD SNAP recipient, who is otherwise not entitled to exception or exemption, fails to meet the work requirements. It appears that an ABAWD SNAP recipient is excepted or exempt from work requirements if, among other reasons set forth in

---

[1] Florida's SNAP program is authorized by federal law to provide food to low income individuals who meet the federal eligibility requirements. 7 U.S.C.§ 2011 *et seq*. Florida implements SNAP on a voluntary basis in order to address hunger and nutrition in low income households. As of the date of the filing of the petition for writ of mandamus, there were approximately 3,500,000 people in Florida receiving SNAP benefits. This program was known formerly as Food Stamps.

federal administrative rules, the individual has dependents, is pregnant, is over the age of forty-nine or is physically or mentally unable to work. See 7 C.F.R. § 273.24(b), (c) (2015). Unless exempted, an ABAWD may receive SNAP benefits for no more than three months in any thirty six-month period. Id.

All SNAP recipients, whether or not deemed an ABAWD, are required to undergo a continual re-application, and re-certification of their eligibility, for SNAP benefits. On or about December 21, 2015, DCF provided Petitioner with a Notice of Eligibility Review document reminding Petitioner of her obligation to re-apply for benefits if she desired to obtain SNAP benefits beyond January of 2016. This letter purported to inform Petitioner of new guidelines applicable to those SNAP recipients identified by DCF as ABAWDs, indicating the possibility that Petitioner could be re-classified as an ABAWD. To that point, Petitioner had received food benefits since 1997, not as an ABAWD due to disability.

This December 21, 2015 Notice of Eligibility Review contained a boilerplate notice informing Petitioner that she had a right to ask for a hearing before a hearing officer. The record reflects that the next notice Petitioner received was a February 9, 2016 Notification of Mandatory Participation sent to Petitioner not by DCF, but by City of Miami Career Center, i.e., the local workforce services organization operating the SNAP E&T program. This notice states, in relevant part, as follows: "You are receiving this notice because DCF referred you to the

3

SNAP E&T program as a mandatory participant." While this February 9, 2016 notice advises Petitioner, in general terms, of a right to have "decisions about your case reviewed by a program supervisor," it does not provide any notice of how Petitioner might challenge DCF's identification of Petitioner as a time-limited ABAWD mandatory participant.

As the record indicates, sometime between December 21, 2015 (the date of DCF's Notice of Eligibility Review explaining that certain SNAP recipients would be designated by DCF as ABAWDs), and February 9, 2016 (the date of the workforce service organization's notice to Petitioner), DCF designated Petitioner as a time-limited ABAWD required to participate in the SNAP E&T program. On February 23, 2016, DCF sent Petitioner a Notice of Case Action informing Petitioner that her SNAP benefits would end on March 31, 2016, because Petitioner did not complete the ABAWD work requirements. This Notice of Case Action contained the same boilerplate hearing notice that appeared in DCF's December 21, 2015 letter. While not entirely clear from the record, it appears that DCF terminated Petitioner's SNAP benefits, effective April 1, 2016.

Petitioner engaged counsel who sent DCF a March 31, 2016 e-mail suggesting that DCF provide specific notice to SNAP recipients who have been identified as ABAWDs, to allow such time-limted ABAWD SNAP recipients, such as Petitioner, the opportunity to challenge their ABAWD designations. The record

4

reflects that DCF did not respond to this e-mail, and thus this petition seeking mandamus relief followed. Petitioner alleges that she is unable to work, and therefore, is exempt from the employment and training requirements applicable to those SNAP recipients identified by DCF as ABAWDs.

Through supplemental briefing invited by the Court, the record reflects that Petitioner's SNAP benefits were restored sometime after the April 21, 2016 filing of this petition. The record, however, also evidences that DCF, late in 2016, sent Petitioner another notice informing her of the eligibility requirements that are mandatory for SNAP recipients identified as ABAWD. As of the date of oral argument,[2] it was unclear as to whether DCF now classified Petitioner as an ABAWD or as ABAWD-exempt. The parties agree, however, that Petitioner is still receiving SNAP benefits.

## II. Nature of Mandamus Remedy

Petitioner seeks a writ of mandamus from this Court requiring DCF to provide her (and presumably all SNAP recipients whom DCF has identified as ABAWDs) with notice of the ABAWD designation and an opportunity to challenge this designation in an administrative proceeding. The extraordinary remedy of mandamus applies exclusively to enforce a ministerial duty of a government official. Monroe Cty v. Cisneros, 49 So. 3d 801, 801 (Fla. 3d DCA

---

[2] February 22, 2017.

5

2010). A party seeking mandamus relief must establish that the government official has violated a clear legal right of the petitioner by failing to perform a corresponding, indisputable legal duty. Tucker v. Ruvin, 748 So. 2d 376, 377 (Fla. 3d DCA 2000). A legal duty is ministerial only when there is no room for the exercise of discretion, and the government official is required to perform the duty by law. Key Biscayne Gateway Partners, Ltd. v. Vill. of Key Biscayne, 172 So. 3d 499, 499 (Fla. 3d DCA 2015).

**III. Analysis**

At the outset, we note that, pursuant to the APA, when actions undertaken by a Florida administrative agency affect one's "substantial interests," the affected person is entitled to an administrative hearing. § 120.569(1), Fla. Stat. (2015). This right to a hearing generally is triggered by the agency issuing an order that notifies the affected person of the right to the hearing. Id. Usually, then, the agency's issuance of an order defines the "clear point of entry" into administrative dispute resolution. Fla. League of Cities, Inc. v. Admin. Comm'n, 586 So. 2d 397, 413 (Fla. 1st DCA 1991).

In this case, the parties dispute *when* DCF undertook actions affecting Petitioner's substantial interests so as to trigger Petitioner's right to an administrative hearing. Petitioner argues that her substantial interests were determined by DCF when DCF – sometime between December 21, 2015, and

6

February 9, 2016 – re-classified her as a time-limited ABAWD. Because this re-classification affected her substantial interests as a SNAP benefits recipient, Petitioner argues that she should have been notified of her right to an administrative hearing at this time. DCF argues that, for the purposes of SNAP benefits, Florida's Administrative Code expressly establishes that Petitioner's substantial interests were determined when DCF notified Perry of DCF's intention to discontinue, terminate or reduce Petitioner's SNAP benefits. DCF further argues that it rendered this determination in its February 23, 2016 Notice of Case Action to Petitioner, and that this letter contained the required notice to Petitioner of the availability of an administrative hearing.[3]

Indeed, Florida's Administrative Code requires notice and opportunity to be heard "when the Department's action . . . would adversely affect the individual's . . . eligibility for . . . Food Stamp Program *Benefits*." Fla. Admin. Code R. 65-2.042 (emphasis added). Further, the Florida Administrative Code provides that "[i]n cases of intended action to discontinue, terminate or reduce *assistance*, the Department shall give timely and adequate notice." Fla. Admin. Code R. 65-

---

[3] In pertinent part, the letter states : " Your Food Assistance benefits for the person(s) listed below [Lucy Perry] will end on March 31, 2016 . . . . We are applying the penalty listed below beginning April 1, 2016, because the head of your Food Assistance household . . . did not complete a work activity without having a good reason. If you comply before the begin date of the penalty, we will not impose a penalty . . . ." Further, the letter states, "You have the right to ask for a hearing before a state hearings officer." The February 23, 2016 letter then includes instructions for requesting a hearing.

2.043(2) (emphasis added). Hence, the relevant administrative rules expressly establish a SNAP recipient's "clear point of entry" into the administrative hearing process as occurring when DCF makes a determination regarding the person's actual receipt of SNAP benefits, rather than when DCF makes a preliminary determination that might affect those benefits in the future.[4]

While DCF's February 23, 2016 letter to Petitioner is not the model of clarity, it does notify Petitioner that she has a right to a hearing. Granted, prior to this February 23, 2016 letter, DCF made the decision to re-classify Perry as a time-limited ABAWD; nonetheless, DCF's proposed re-classification of Petitioner and DCF's ensuing change to Petitioner's SNAP benefits are bound together so tightly that, perforce, Petitioner would have to address both determinations at a requested hearing. We therefore conclude that DCF supplied Petitioner sufficient notice and opportunity to be heard in its February 23, 2016 correspondence to her.

Consequently, we cannot say that DCF has a ministerial duty to issue Petitioner further notice so as to warrant mandamus relief. We deny the petition for writ of mandamus because the record establishes that DCF fulfilled its ministerial duty to Petitioner.

Petition denied.

ROTHENBERG, J., concurs.

---

[4] Petitioner has not challenged the validity of these rules.

8

SALTER, J. (concurring).

I concur that the petition for mandamus must be denied. I write only to provide an exclamation point to my colleague's statement that DCF's letter to Petitioner "is not the model of clarity" (slip op. at 8). When DCF prepared the mass-mailed written communications directed to the many recipients of supplemental nutrition assistance program ("SNAP") benefits in Florida notifying those recipients of (1) a new eligibility requirement, and (2) the potential loss of benefits if the new requirement is not fulfilled, DCF was obligated to comply with the "easily understandable language" requirement of Florida Administrative Code Rule 65-2.043(3)(b).

"Easily understandable language" allows the reader to determine when he or she has a "clear" point of entry into an administrative process that affects a substantial interest of the reader. Fla. Admin. C. R. 65-2.043(3)(b). Such a notice "does not have to track any particular language or recite statutory provisions verbatim, so long as it **clearly** informs the affected party of its rights and time limits." Fla. League of Cities, Inc. v. Admin. Comm'n, 586 So. 2d 397, 414 (Fla. 1st DCA 1991) (emphasis provided).

DCF argues that adequate "incremental" notice was provided to Ms. Perry, gleaned cumulatively from multiple communications and, if necessary,

9

supplemented by online websites identified in the multiple notices. I disagree. The first notice in December 2015 told Ms. Perry that "Starting January 1, 2016, certain food assistance recipients will have to meet work requirements to be eligible to receive food assistance benefits," and that those recipients are known as Able-Bodied Adults Without Dependents ("ABAWDs"). It did not tell Ms. Perry that she was an ABAWD. The record here shows that she is not.

That notice also told Ms. Perry that ABAWDs were "physically and mentally able to work" and "not exempt from food assistance general employment program work requirements." DCF's notice told her that "if" she was an ABAWD, (1) she would be referred to participate in an employment and training program, and (2) "if" an ABAWD didn't meet the work requirements, the ABAWD's food assistance benefits would be curtailed.

On February 9, 2016, Ms. Perry received a "Notification of Mandatory Participation," from the City of Miami Career Center, an employment and training program provided by the Florida Department of Economic Opportunity (not DCF). That notice told Ms. Perry that she had been referred to the program by DCF; "This means, in order to continue receiving food assistance, you will be required to participate in work-related activities for 80 hours per month." But this notice was issued by another agency, not by DCF; the notice didn't provide an administrative remedy or notice of appeal rights; and DCF had never notified Ms. Perry that she

10

was being referred to the City of Miami Career Center based on DCF's conclusion that she was an ABAWD.

Finally, when Ms. Perry did not participate in the City of Miami Career Center program as directed, DCF sent her the notice of February 23, 2016, advising her that her SNAP benefits would be terminated at the end of March because she "did not complete a work activity without having a good reason." That notice of case action included information regarding Ms. Perry's "right to ask for a hearing before a state hearings officer," and thus a clear point of entry to challenge that administrative sanction.

DCF argues that these incremental notices were steps in a process, but only the final notice required a due process notification of the right to obtain a hearing. Ms. Perry responds that the decision to change her status to "ABAWD," which plainly occurred at or before the time DCF referred her to the City of Miami Career Center (without notifying her), also required such a notice. Ms. Perry maintains that the "Notification of Mandatory Participation" issued by the City of Miami Center would not have issued, but for her re-classification by DCF as an ABAWD, and that the directive to report, be trained, and work 80 hours each month, is a matter affecting her "substantial interests," under section 120.569(1), Florida Statutes (2016). And had Ms. Perry attempted to comply with the directive—needlessly, because DCF concedes that she has at all times been disabled so as to

11

be exempt from the ABAWD training and work requirements—I would agree with her point.  But she did not.

So while the language in the various communications to Ms. Perry is not, in my view at least, "easily understandable" or "clear," we are not assessing that question in the context of an administrative claim for the restoration of unpaid benefits to a single claimant, or for a declaratory statement that Ms. Perry is not an ABAWD.  Rather, Ms. Perry seeks the "extraordinary" remedy of mandamus, see, e.g., Scott v. State, 130 So. 3d 741, 742 (Fla. 3d DCA 2014).

We cannot issue a writ to DCF directing its employees to correct previously-issued notices of case action to make them "easily understandable" and "clear." Nor can we write such notices for the agency.  For these reasons, I concur that the petition for mandamus must be denied.