SALTER, J.
(concurring).
I concur that the petition for mandamus must be denied. I write only to provide an exclamation point to my colleague’s statement that DCF’s letter to Petitioner “is not the model of clarity” (op. at 650). When DCF prepared the mass-mailed written communications directed to the many recipients of supplemental nutrition assistance program (“SNAP”) benefits in Florida notifying those recipients of (1) a new eligibility requirement, and (2) the potential loss of benefits if the new requirement is not fulfilled, DCF was obligated to comply with the “easily understandable language” requirement of Florida Administrative Code Rule 65-2.043(3)(b).
“Easily understandable language” allows the reader to determine when he or she has a “clear” point of entry into an administrative process that affects a substantial interest of the reader. Fla. Admin. C. R. 65-2.043(3)(b). Such a notice “does not have to track any particular language or recite statutory provisions verbatim, so long as it clearly informs the affected party of its rights and time limits.” Fla. League of Cities, Inc. v. Admin. Comm’n, 586 So.2d 397, 414 (Fla. 1st DCA 1991) (emphasis provided).
DCF argues that adequate “incremental” notice was provided to Ms. Perry, gleaned cumulatively from multiple communications and, if necessary, supplemented by online websites identified in the multiple notices. I disagree. The first notice in December 2015 told Ms. Perry that “Starting January 1, 2016, certain food assistance recipients will have to meet work requirements to be eligible to receive food assistance benefits,” and that those recipients are known as Able-Bodied Adults Without Dependents (“ABAWDs”). It did not tell Ms. Perry that she was an ABAWD; The record here shows that she is not.
That notice also told Ms. Perry that ABAWDs were “physically and mentally able to work” and “not exempt from food assistance general employment program work requirements.” DCF’s notice told her that “if’ she was an. ABAWD, (1) she would be referred to participate in an employment and training program, and (2) “if’ an ABAWD didn’t meet the work requirements, the ABAWD’s food assistance benefits would be curtailed.
On February 9, 2016, Ms. Perry received a “Notification of Mandatory Participation,” from the City of Miami Career Center, an employment and training program provided by the Florida Department of Economic Opportunity (not DCF). That notice told Ms. Perry that she had been referred to the program by DCF; “This means, in order to continue receiving food assistance, you will be required to participate in work-related activities for 80 hours per month.” But this notice was issued by another agency, not by DCF; the notice didn’t provide an administrative remedy or notice of appeal rights; and DCF had never notified Ms. Perry that she was being referred to the City of Miami Career Center based on DCF’s conclusion that she was an ABAWD.
Finally, when Ms. Perry did not participate in the City of Miami Career Center *552 program as directed, DCF sent her the notice of February 23, 2016, advising her that her SNAP benefits would be terminated at the end of March because she “did not complete a work activity without having a good reason.” That notice of case action included information regarding Ms. Perry’s “right to ask for a hearing before a state hearings officer,” and thus a clear point of entry to challenge that administrative sanction.
DCF argues that these incremental notices were steps in a process, but only the final notice required a due process notification of the right to obtain a hearing. Ms. Perry responds that the decision to change her status to “ABAWD,” which plainly occurred at or before the time DCF referred her to the City of Miami Career Center (without notifying her), also required such a notice. Ms. Perry maintains that the “Notification of Mandatory Participation” issued by the City of Miami Center would not have issued, but for her re-classification by DCF as an ABAWD, and that the directive to report, be trained, and work 80 hours each month, is a matter affecting her “substantial interests,” under section 120.569(1), Florida Statutes (2016). And had Ms. Perry attempted to comply with the directive — needlessly, because DCF concedes that she has at all times been disabled so as to be exempt from the ABAWD training and work requirements — I would agree with her point. But she did not.
So while the language in the various communications to Ms. Perry is not, in my view at least, “easily understandable” or “clear,” we are not assessing that question in the context of an administrative claim for the restoration of unpaid benefits to a single claimant, or for a declaratory statement that Ms. Perry is not an ABAWD. Rather, Ms. Perry seeks the “extraordinary” remedy of mandamus, see, e.g., Scott v. State, 130 So.3d 741, 742 (Fla. 3d DCA 2014).
We cannot issue a writ to DCF directing its employees to correct previously-issued notices of case action to make them “easily understandable” and “clear.” Nor can we write such notices for the agency. For these reasons, I concur that the petition for mandamus must be denied.