# Third District Court of Appeal

## State of Florida

Opinion filed February 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-890
Lower Tribunal No. 17-21598
_____

**MDXQ, LLC,**
Appellant,

vs.

**Miami-Dade County, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Cozen O'Connor, and Charles C. Kline, Jason R. Domark and Reid Kline, for appellant.

Abigail Price-Williams, Miami-Dade County Attorney, and Christopher J. Wahl, Dennis A. Kerbel and Debra Herman, Assistant County Attorneys, for appellees.

Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

PER CURIAM.

MDXQ, LLC, appeals the trial court's order granting Miami-Dade County's motion to dismiss and dismissing MDXQ's complaint. In Count One of its complaint, MDXQ sought a writ of mandamus to compel the County to make a "Consistency Determination" on whether the County's proposal to use MDXQ's property for a water treatment plant is consistent with the County's Comprehensive Development Master Plan.[1] MDXQ contended (in the alternative) that, should the trial court determine Miami-Dade County had already made a consistency determination, MDXQ was entitled to a de novo review of that determination pursuant to section 163.3215(3), Florida Statutes (2017).

We affirm the trial court's dismissal order. Upon our de novo review[2] of the allegations in the complaint and its attachments, as well as the plain language of the County's Master Plan and section 163.3215(3), we hold that the trial court properly determined MDXQ failed to establish it had a clear, legal and present right to receive

---

[1] "A comprehensive plan is a statutorily mandated legislative plan to control and direct the use and development of property within a county or municipality." Payne v. City of Miami, 52 So. 3d 707, 737 (Fla. 3d DCA 2010) (Gersten, J., specially concurring) (citations and quotations omitted). It acts as "a constitution for all future development within the governmental boundary." Id.

[2] Lopez-Infante v. Union Cent. Life Ins. Co., 809 So. 2d 13, 15 (Fla. 3d DCA 2002) ("The de novo standard of review is applied when considering an order granting a motion to dismiss"); Walker v. Ellis, 989 So. 2d 1250, 1251 (Fla. 1st DCA 2008) (applying a de novo standard of review to the trial court's order dismissing a petition for writ of mandamus).

(and Miami-Dade County had a clear, legal and present duty to provide) a consistency determination. See Tucker v. Ruvin, 748 So. 2d 376, 377 (Fla. 3d DCA 2000) (holding: "To be entitled to mandamus relief, the "petitioner must have a clear legal right, [] respondent must have a clear legal, ministerial duty to perform, and [] petitioner must have no other adequate legal remedy available"); Scott v. State, 130 So. 3d 741, 742 (Fla. 3d DCA 2014) (noting: "Writs of mandamus are extraordinary remedies that 'may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established in the law.'") (quoting Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So.2d 861, 863 (Fla. 1st DCA 2004)).

The trial court also properly concluded that, in the absence of a development order, a cause of action under section 163.3215(3)[3] was not yet ripe. See, e.g.,

---

[3] Subsection (3) provides:

> Any aggrieved or adversely affected party may maintain a de novo action for declaratory, injunctive, or other relief against any local government to challenge any decision of such local government granting or denying an application for, or to prevent such local government from taking any action on, a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property which is not consistent with the comprehensive plan adopted under this part. The de novo action must be filed no later than 30 days following rendition of a development order or other written decision, or when all local administrative appeals, if any, are exhausted, whichever occurs later.

(Emphasis added.)

Tallahassee Mem'l Reg'l Med. Ctr. v. Lewis, 399 So. 2d 106, 108 (Fla. 1st DCA 1981) (holding: "Relief cannot be afforded by mandamus as to issues that are unripe for determination").

Affirmed.