JOHN McGUIRE, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

143 So. 766.

Division B.

Opinion filed October 5, 1932.

Petition for rehearing denied October 25, 1932.

*Jones & Green,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

WHITFIELD, P.J.—The information alleged "that John McGuire and John Wallace of the County of Volusia and State of Florida, on the twenty-fourth day of October, in the Year of Our Lord, one thousand nine hundred and twenty-nine, in the County and State aforesaid in and upon one M. N. Bogart an assault did then and there feloniously make and him, the said M. N. Bogart, did then and there put in bodily danger and fear of his life and then and there seventy-five dollars ($75.00), in lawful currency of the United States, of the value of seventy-five dollars ($75.00), a more particular description of which is to your informant unknown, of the money, property, goods and chattels of the said M. N. Bogart, from the person and custody and against the will of the said M. N. Bogart, by force and violence and by putting him, the said M. N. Bogart, in fear, feloniously did rob, take, steal and carry away, the said John McGuire being then and there armed with a dangerous weapon, to-wit: a pistol and the said John Wallace being then and there armed with a dangerous weapon, to-wit: a pistol, the said John McGuire and the said John Wallace having then and there the intent, if then and there resisted by the said M. N. Bogart, him, the said M. N. Bogart, then and there to kill and maim."

A motion in arrest of judgment was made on grounds (1) that the information does not sufficiently charge a crime of robbery while armed; (2) does not allege with

sufficient certainty and definiteness the essential elements of the crime of robbery while armed, as the same is defined in the statute. The motion was denied.

Section 7157 (5055) C. G. L., as amended by Chapter 13792 Acts of 1929, enacts that "Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with the intent if resisted to kill or maim the person robbed, or being so armed, wound or strike the person robbed, shall be punished by imprisonment in the State Prison for a term of years or for life imprisonment in the State Prison in the discretion of the Court for and during a term of his natural life."

It is argued that the allegation of the information that "the said John McGuire and the said John Wallace having then and there the intent, if then and there resisted by the said M. N. Bogart, him, the said, M. N. Bogart, then and there to kill and maim," has reference to the previously stated day and county when and where the offense was committed, and not to the specified time and place when and where the assault and robbery were alleged to have been committed; and that consequently there is no allegation that the intent of the accused, if resisted, to kill and maim the victim, existed at the time of the actual assault and robbery. But a careful reading of the information as an entirety shows that after alleging the assault, the putting in fear and the felonious robbery, to have been at a stated time and place, the quoted part of the information that the accused "having then and there the intent, if then and there resisted by the" person assaulted, "then and there to kill and maim" him, has fair and definite reference to the time when the criminal act of robbery is alleged to have been committed.

"An information that alleges all the essentials of a statutory offense in language equivalent in force and meaning to the statutory terms that may be easily understood by the jury, and is not so framed as to mislead defendant or to embarrass him in the preparation of his defense or to expose him to another prosecution for the same offense, will not be held fatally defective on motion to quash." Johnson v. State, 58 Fla. 68, 50 So. 529.

The essential statutory language defining the offense is used and the information in language easily understood by a jury, sufficiently charges a felonious robbery while armed with a dangerous weapon with intent if resisted to kill and maim the person robbed. Section 7157 C. G. L. Supp. 1932. Sections 8368 (6063), 8369 (6064) C. G. L. The rule in Hogan v. State, 42 Fla. 562, will not be extended. The information is not so framed as to embarrass the accused in presenting his defense, or to confuse or mislead the jury. The defendant challenged the array of jurors, the ground being that the names of jurors placed in the jury box were written on thin paper and not properly rolled or folded so that the names could be seen by looking in the box while drawing jurors therefrom. If that is a proper ground for a challenge to the array, and the facts asserted be not controverted, no harm to the defendant appears and no fraud or intentional wrong-doing is alleged. Another ground of the challenge to the array is that the venire facias contained a statement that the jurors drawn were for service in the circuit court instead of the Criminal Court of Record of the County. This a mere harmless error for which the judgment should not be reversed. See sections 4499 (2812), 4501 (2814), 8414 (6109) C. G. L.

The court could properly have granted the defendant's request to confer with John Wallace with a view of call-

ing him as a defense witness, as Wallace was indicted with the defendant and was in custody of the sheriff after having pleaded guilty to participation in the crime for which the defendant was being tried; but as the evidence is ample to sustain the conviction of the defendant, the refusal of the court to grant the request is not on this record shown to be harmful.

The testimony is legally sufficient to support the verdict; the evidence of an alibi did not afford a constitutional ground requiring an acquittal, and such evidence in view of the verdict sustained by the trial court, apparently did not raise a reasonable doubt in the minds of the jury or of the court as to the guilt of the accused; and the charges, if not entirely accurate, were not unfair or harmful to the defendant. The judgment is affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

DAVIS, J. (Concurring).—The Court should have permitted counsel for McGuire to interview the joint defendant John Wallace as a probable witness to be called for defendant McGuire. Only the clearest proof of guilt in the record against McGuire saves the judgment from reversal on such refusal alone, which error may be considered as harmless error in this case under the circumstances, it appearing that the request for interview was apparently only denied for the time being, when made.