295 So.2d 121 (1974)
The STATE of Florida, Appellant,
v.
Edward Robinson NIXON, Appellee.
No. 73-1223.
District Court of Appeal of Florida, Third District.
May 28, 1974.
*122 Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Linnea Snyder, Asst. Public Defender, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
This appeal is by the state from an order dismissing an information which charged the appellee with aggravated assault, in violation of § 784.04 Fla. Stat., F.S.A.[1]
The information alleged "that Edward Robinson Nixon on the 28th day of July 1973, in the County and State aforesaid [Dade County, Florida], did unlawfully and feloneously, without intent to kill, make an assault in and upon one David White, with a certain deadly weapon, to-wit: a knife, in violation of 784.04 Florida Statutes, [F.S.A.]."
The information tracked the statute. The essentials of the offense were alleged in the statutory language. It was sufficient. See Smith v. State, 1916, 72 Fla. 449, 73 So. 354; McGuire v. State, 1932, 106 Fla. 934, 143 So. 766; State v. Bruno, Fla. 1958, 107 So.2d 9.
The order granting the defendant's motion to dismiss the information did not state grounds upon which it was based. The appellee contends the information was insufficient because the "deadly weapon" therein referred to was a knife, and points to the fact that in Chapter 790 Fla. Stat., F.S.A. in which it is provided that carrying a concealed weapon on or about one's person is a misdemeanor of the first degree, in § 790.001(13) thereof firearms and common pocket knives are excepted from the definition of "weapon." Elsewhere in the statute there is an express provision making it a crime to carry a concealed firearm on or about the person. Obviously the legislature, by excepting common pocket knives from the category of weapons, the carrying of which would be a crime, did so in order that the carrying of a common pocket knife by a citizen should not constitute a crime, in view of the general custom of people to carry such knives for convenience and useful purposes unrelated to any criminal intent or activity.
But that does not mean that a pocket knife cannot be a deadly weapon. Whether an object used as a weapon in an assault is a deadly weapon is a factual question to be resolved by the finder of facts at trial (Bass v. State, Fla.App. 1970, 232 So.2d 25), and is to be determined upon consideration of its likelihood to produce death or great bodily injury. Dey v. State, Fla.App. 1966, 182 So.2d 266; Forchion v. State, Fla.App. 1968, 214 So.2d 751. It is common knowledge that in certain circles pocket knives are used by assailants with deadly weapon effect as frequently, if not more frequently than are firearms.
Secondly, the appellee contends the information was insufficient and subject to dismissal for failure to allege the time of day, and the place or address within the county at which the alleged offense took place. That contention is without merit. *123 In that regard, the allegations that the offense was committed in Dade County on a certain date, were sufficient. Sparks v. State, Fla. 1973, 273 So.2d 74. The exact location in the county at which the offense was claimed by the state to have been committed, and the time of day or night, were particulars which could have been sought and obtained by the defendant by discovery under the rules, if considered necessary. No such application therefor was made.
For the reasons stated the order dismissing the information is reversed, and the cause is remanded for further proceedings.
NOTES
[1] "Aggravated assault.  Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault, and shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083 or § 775.084."