PER CURIAM.
Appellant seeks review of the Florida Parole and Probation Commission’s denial of his request that his presumptive parole release date be altered to more accurately reflect the convictions for which he was sentenced. We reverse.
On April 23, 1973, appellant entered pleas of guilty to two counts of robbery and one count of kidnapping. The kidnapping-charge alleged that appellant secretly confined and imprisoned the victim against his will, but did not allege that appellant held the victim for ransom. Thus, it is clear that appellant was convicted of false imprisonment and kidnapping under Section 805.01, Florida Statutes (1971), not kidnapping for ransom set out in Section 805.02, Florida Statutes (1971). A person adjudged guilty of false imprisonment under that statute was guilty of a felony in the second degree punishable by a maximum term of imprisonment of fifteen years. Unfortunately, appellant was erroneously sentenced to life imprisonment on his kidnapping conviction, that sentence to run concurrently with two *1283 life sentences imposed on his robbery convictions.
On June 12, 1979, appellant was interviewed for parole consideration. His offense characteristic was listed as kidnapping — Most Serious II, and reflected the life sentence imposed for that offense. His salient factor score was computed and a presumptive parole release date at the top of appellant’s matrix time range was adopted by the Commission.
Subsequent to that determination, appellant filed a 3.850 motion with the trial court to correct his false imprisonment and kidnapping sentence. That sentence was corrected to reflect the maximum term of imprisonment of fifteen years.
Based upon this new information, appellant requested the Commission to recompute his presumptive parole release date using one of his robbery convictions as his offense characteristic, arguing that the robbery convictions, for which he is serving life sentences, were more serious offenses than the false imprisonment offense. The Commission denied the request and affirmed the previously established release date. We hold that it was error for the Commission to refuse to recompute appellant’s presumptive parole release date.
In choosing which of the multiple convictions should constitute the offense characteristic, the Commission is required to use the most serious of the offenses, and the other offenses may be used as aggravating factors. § 947.165, Fla.Stat. (1979); Fla.Admin.Code Rule 23-19.01(5). Additionally, the parole guidelines note that if an offense is not listed, the proper risk category should be determined by comparing the offense with other listed offenses of similar severity. The risk categories established for offense characteristics used at the time appellant was interviewed for parole consideration did not specifically list the offense of false imprisonment.[1] In such a situation, we hold the Commission should consult and be bound by the statutory classification of the conviction.
Accordingly, we remand the case to the Florida Parole and Probation Commission for the purpose of determining the most serious offense based on the rules that were in effect at the time appellant was interviewed for parole consideration and the statutes which were in effect at the time appellant committed the crimes.[2] Appellant’s matrix time range will be recalculated based upon the most serious offense. The Commission, in the appropriate exercise of its discretion, may use the other convictions as aggravating factors in establishing a proper presumptive parole release date for appellant.
The cause is remanded to the Commission for proceedings consistent with this opinion.
ROBERT P. SMITH, C. J., and McCORD and BOOTH, JJ., concur.

. The Objective Parole Criteria Guidelines as amended June 26, 1979, place false imprisonment in a risk category of High. See, Fla.Admin.Code Rule 23-19.05.

. We note that at appellant’s biennial review, his PPRD was reduced 12 months based upon his good institutional conduct. When appellant’s PPRD is reestablished, he should retain the benefit of that Commission action.