WIGGINTON, Judge.
Appellant, Walsh, challenges the decision of the Florida Parole and Probation Commission establishing his PPRD of December 2, 1986.
We have considered the issues raised by appellant and find that the commission erred in characterizing appellant’s offense severity. We also note that the commission considered three aggravating factors in extending appellant’s PPRD outside the matrix time range, two of which factors are not supported by the record.
Appellant was convicted of the crime of arson in the second degree on October 1, 1980, and was sentenced to a term of incarceration of fifteen years. In establishing his PPRD, the commission determined that appellant’s present offense of conviction, second degree arson, should be characterized as having an offense severity of “High.” Although the rules utilized at the time of appellant’s interview denominate two offense severity characteristics for arson, “simple arson” (Low Moderate) and “aggravated arson” (High), the commission chose aggravated arson because of its misapprehension of the directive embodied in Florida Administrative Code Rule 23-19.01(4). Rule 23-19.01(4) states:
*968 If the present offense of conviction ... can be classified in more than one severity category, the more serious category shall be used.
The offense characteristic must reflect the offense for which appellant was convicted. McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). Appellant’s present offense of conviction is second degree arson which can not “be classified in more than one severity category.” The correct category is simple arson, having a corresponding matrix time range of 14 — 25 months.
We can only conclude that the commission’s error in characterizing the offense as aggravated arson was in taking notice of the pecuniary loss resulting from what must have been an immense conflagration. However, the commission also used the loss as an aggravating factor. Fla.Admin.Code Rule 23-19.03(l)(a)2. The commission was limited by Rule 23-19.01(1) to utilizing the pecuniary loss as an aggravating factor because it is not an element of second degree arson and therefore does not properly reflect the present offense of conviction.
The commission also considered two other aggravating factors, insurance loss and threats of violence, in adding thirty-nine months onto appellant’s matrix range. Although the commission’s explanation pointed to these factors as being contained in the presentence investigation report, the PSI report included in the record reflects neither factor.
Accordingly, we reverse and remand with instructions for the commission to correct the offense characteristic to reflect simple arson and reestablish appellant’s PPRD disregarding the improperly considered aggravating factors.
MILLS and ERVIN, JJ., concur.