WIGGINTON, Judge.
Bennett appeals from the Florida Parole and Probation Commission’s establishment of his presumptive parole release date. He argues that the commission has not used the offense severity characteristic applicable to his offense of conviction in establishing his presumptive parole release date. We agree and reverse.
In April, 1979, Bennett was arrested and charged by information with the offense of armed robbery and that:
[I]n the course of committing said robbery, carried a weapon, to-wit: a knife, contrary to the provisions of Section 812.-13, Florida Statutes.
At the sentencing hearing, in response to advice by both trial counsel and the presiding judge that a jury trial could very easily get him the maximum thirty years if found guilty, Bennett pled guilty and was so adjudged. He was placed on probation, but on January 30,1981, Bennett was sentenced to a prison term of ten years for violation of his probation on the armed robbery sentence.
*1017 At the initial parole interview, the hearing examiner set the severity of offense behavior as “first degree felony — armed robbery,” and ultimately assessed Bennett 118 months, including aggravating factors. The commission, discounting the aggravating factors, rescored appellant and placed him in the severity rating of “armed robbery — life felony” and set the maximum of 120 months for Bennett to serve before eligibility for parole. Bennett filed for review complaining that his judgment and sentence for armed robbery were pursuant to Sections 812.13(2)(b) and 775.082(3)(b), Florida Statutes, which only provide for a maximum of thirty years, and asked that he be placed back in the severity offense behavior reflective of that degree of felony. The commission panel reviewed Bennett’s case but refused to change the presumptive parole release date noting that “the PSI states you carried a knife during the course of this robbery and a knife is a deadly weapon.”
There is no dispute as to the facts, procedure or that Bennett was informed against, pled to, adjudged and sentenced under Section 812.13, Florida Statutes. The dispute arises as to whether subsection (2)(a) or (2)(b)[1] is applicable for establishing the present offense of conviction and thus placement in the proper matrix.
Section 812.13 defines the offense of robbery and specifies various degrees thereof depending on whether, in committing the offense, the offender carried a weapon, carried a firearm or other deadly weapon, or did not carry a weapon. Although neither the information nor the judgment clearly specifies which subsection of the referenced statute applied in Bennett’s case, the information more clearly tracked Section 812.13(2)(b) that “in the course of committing said robbery, carried a weapon, to-wit: a knife ...” Nowhere in the record is there a reference to “a firearm or other deadly weapon” as is required by subsection (2)(a). The presentence investigation reflects Bennett to have produced a knife upon demanding money from the Zippy Mart Store clerk. Nevertheless, the state’s attorney did not deem that action of such importance or magnitude as to charge Bennett under Section 812.13(2)(a). Nor does the record reflect a proffer of evidence or prima facie showing upon Bennett’s plea of guilt that the knife, being a weapon, was raised to the status of a deadly weapon upon a determination of its likelihood to produce death or great bodily injury. See State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974). Although a knife is a weapon, we are not prepared to say that it is inherently a deadly weapon or rises to that status without resolution of the factual question by the finder of facts at trial. State v. Nixon, supra.
That burden not having been met, we conclude that Bennett was adjudged guilty and sentenced based upon his plea to the information charging the offense of robbery wherein he carried a weapon, to-wit: a knife, contrary to the provisions of Section 812.13(2)(b). That crime is a felony of the first degree and Bennett was correctly sentenced pursuant to the penalties set forth in Section 775.082(3)(b).
The commission was thereafter bound to establish Bennett’s severity of offense behavior rating defined in Rule 23-21.01(40) as the statutorily assigned degree of felony or misdemeanor for the present offense of conviction. Indeed, Commission Rule 23-21.08 requires that the severity of offense behavior shall reflect the present offense of conviction’s degree of felony or misdemean- or.
Although the commission must necessarily have broad discretion to carry out *1018 its designated duties, it must nevertheless maneuver within the confines of reasona^ bleness, our laws and its rules. Accordingly, we reverse and remand with instructions for the commission to correct the offense characteristic to reflect Bennett’s present offense of conviction to be robbery while carrying a weapon being a felony of the first degree with a maximum statutory sentence of thirty years and reestablish Bennett’s presumptive parole release date.
SHAW and JOANOS, JJ., concur.

. 812.13 Robbery.—
(1) • • ■
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.083, or s. 775.084.