NIMMONS, Judge.
Curtis Von Woodard appeals from the Florida Parole and Probation Commission’s assignment of a presumptive parole release date. Woodard claims that the Commission used the wrong severity of offense of conviction in calculating his matrix time range. Florida Administrative Code Rule 23-21.-09(2) requires the Commission to determine “the degree of felony or misdemeanor of the present offense of conviction.” Woodard claims that he was convicted of robbery without the use of any weapon, a second degree felony under § 812.13(2)(c), Florida Statutes. The Commission claims that he was convicted of robbery with the use of a deadly weapon other than a firearm, a first degree felony punishable by a maximum term of life imprisonment under § 812.13(2)(a).
The judgment and sentence, which provided for a sentence of fifteen years, recited that Woodard entered a plea of nolo contendere to the offense of “robbery without firearm.” The judgment and sentence does not specify whether the conviction was for robbery with the use of a deadly weapon other than a firearm, robbery with the use of a non-deadly weapon (a first degree felony punishable by a maximum of thirty years imprisonment) or robbery without the use of any weapon (a second degree felony punishable by a maximum of fifteen years imprisonment); nor does the judgment and sentence contain any statutory reference indicating the applicable “degree” of robbery.[1] However, unlike the case which was before us in Bennett v. Florida Parole and Probation Commission, 422 So.2d 1016 (Fla. 1st DCA 1982), the information charged Woodard with carrying “a firearm or other deadly weapon” and alleged § 812.13(2)(a), Florida Statutes, as the applicable section. Moreover, the commitment issued pursuant to § 944.17, Florida Statutes, recites that Woodard was sentenced under § 812.-13(2)(a).
Under the above circumstances, the Commission was justified in construing Woodard’s conviction to be that of robbery with the use of a deadly weapon other than a firearm in violation of § 812.13(2)(a), a first degree felony punishable by a maximum term of life imprisonment. Woodard claims that this is contrary to his understanding of his plea agreement. If so, he is at liberty to seek redress through an appropriate motion to vacate in the trial court pursuant to Fla.R.Crim.P. 3.850.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. This is one of the principal reasons for the Florida Supreme Court’s amendment of Fla.R. Crim.P. 3.986 by adopting a new judgment and sentence form which requires specification of the name of the crime, the specific statutory reference and the degree of crime. In Re Florida Rules of Criminal Procedure, 408 So.2d 207 (Fla.1981). The sentence in the case sub judice antedates the October 31, 1981, effective date of the above amendment.