THOMPSON, Judge.
This is an appeal from a final order of the Florida Parole and Probation Commission (Commission) finding no cause to change prior Commission action establishing the appellant’s presumptive parole release date (PPRD). We reverse.
In 1975, appellant pled guilty to assault with the intent to commit robbery and to aggravated assault. In 1977, he escaped and was at liberty until he was recaptured in 1981. On August 5,1981, he was convicted of escape and was sentenced to serve one year consecutively with the remainder of his prior sentences. His initial parole interview pursuant to § 947.172(1), Fla.Stat. was conducted January 27, 1982. With respect to the offense of escape, the hearing examiner assigned a salient factor score of seven, established the offense severity characteristic as a second degree felony, and recommended 48 months under the applicable matrix time range. With respect to the offense of assault with intent to commit robbery, the hearing examiner assigned a salient factor score of five, established the offense severity characteristic as a second degree felony, recommended 48 months under the applicable matrix time range, and recommended a six-month aggravation for the aggravated assault. The time recommended for the escape, 48 months, was aggregated with the time recommended for the assault with intent to commit robbery, resulting in a total recommended time of 102 months and a recommended PPRD of September 1, 1987.
After receiving the hearing examiner’s recommendation, the Commission reduced appellant’s salient factor score on the escape charge to five and reduced his time of incarceration for that offense to 32 months, the bottom of the applicable matrix time range. With respect to the offense of assault with intent to commit robbery, the Commission reduced appellant’s salient factor score to one, increased the offense severity characteristic to a first degree felony, and deleted the hearing examiner’s aggravation for aggravated assault. The Commission then set appellant’s time of incarceration on the assault with intent to commit robbery at 70 months, the top of the applicable matrix range. Aggregation of the scores for the escape and assault with intent to commit robbery again resulted in a total time of incarceration of 102 months. Accordingly, appellant’s PPRD remained at September 1, 1987. Appellant timely filed his § 947.173, Fla.Stat. review request, pointing out that assault with intent to commit robbery is a second degree felony, not a first degree felony and that the Commission had therefore assigned an improper offense severity characteristic with respect to that charge. The Commission did not change his offense severity characteristic and affirmed its prior action.
Assault with intent to commit robbery is a second degree felony. See § 784.06, Fla. Stat. (1973). Accordingly, appellant’s PPRD should be calculated based on an offense severity of a second degree felony for the offense of assault with intent to commit robbery.
We reverse the Commission’s order and remand with instructions to recalculate appellant’s PPRD with an offense severity of a second degree felony with respect to the offense of assault with intent to commit robbery.
MILLS and JOANOS, JJ., concur.