JOANOS, Judge.
Appellant Robert Lee Green appeals the trial court’s denial of his petition for writ of mandamus, seeking an order to compel the Florida Parole Commission (Commission) to recalculate his presumptive parole release date. Specifically, appellant asserts that the Commission failed to score his most serious offense as the primary offense, for purposes of establishing the presumptive parole release date. We reverse.
The starting point for the determination of a presumptive parole release date is the ascertainment of the severity of the present convicted offense, which is based upon “the present offense of conviction’s degree of felony or misdemeanor.” Fla. Admin.Code Rule 23-21.008. If multiple separate offenses are involved, “the severity of offense behavior shall be established for the most serious of the separate offenses which resulted in a sentence to incarceration.” Id. The length of incarceration is predicated upon the offender’s sali *433 ent factor score, based on number values assigned to the offender’s “present and prior criminal behavior and related factors found to be predictive in regard to parole outcome.” Fla.Admin.Code Rule 23-21.-002(45). The presumptive parole release date is obtained by applying the salient factor score and the most serious offense at conviction category to the matrix time range charted in Florida Administrative Code Rule 23-21.009(5). See Taylor v. Florida Parole and Probation Commission, 543 So.2d 367, 368 fn. 1 (Fla. 1st DCA 1989); Everson v. Florida Parole & Probation Commission, 431 So.2d 238 (Fla. 1st DCA 1983); Woodard v. Florida Parole and Probation Commission, 429 So.2d 1360 (Fla. 1st DCA 1983); Walsh v. Florida Parole and Probation Commission, 422 So.2d 967 (Fla. 1st DCA 1982); Faucett v. Florida Parole and Probation Commission, 413 So.2d 1282 (Fla. 1st DCA 1982).
Faucett v. Florida Parole and Probation Commission presents a fact scenario analogous to the circumstances of this case. In Faucett, appellant pled guilty to two counts of robbery and one count of kidnapping. Faucett was convicted of false imprisonment and kidnapping pursuant to section 805.01, Florida Statutes (1971), rather than kidnapping and ransom pursuant to section 805.02. The section 805.02 offense was punishable by life, the sentence imposed on Faucett, to run concurrently with two life sentences imposed on the robbery convictions. When Faucett was interviewed for parole consideration, his offense characteristic was listed as kidnapping, and reflected the life sentence imposed. His presumptive parole release date was set at the top of the matrix time range. Subsequently, pursuant to a 3.850 motion, Faucett’s kidnapping sentence was corrected to reflect a maximum term of fifteen years. Faucett then sought recalculation of his presumptive parole release date, using one of the robbery convictions as the most serious offense. The Commission denied the request and affirmed the previously established release date.
This court held the Commission erred in refusing to recompute Faucett’s presumptive parole release date. The court noted that when “choosing which of multiple offenses should constitute the offense characteristic, the Commission is required to use the most serious of the offenses, and the other offenses may be used as aggravating factors.” 413 So.2d at 1283. The court further held that where the risk categories established for offense characteristics are not listed, the Commission should consult and be bound by the statutory classification. Id. The case was remanded to the Commission for determination of the most serious offense based on the rules in effect when Faucett was interviewed for parole consideration and the statutes in effect when he committed the crimes. The Commission was directed to recalculate Faucett’s matrix time range, and further advised that reestablishment of his presumptive parole release date should reflect a twelve month reduction for good institutional conduct granted at his biennial review. Id. Accord Everson, 431 So.2d at 239.
Like Faucett, appellant in this case was convicted of two separate offenses. Appellant was convicted of robbery in violation of section 813.011, Florida Statutes, now section 812.13. Under this statute, carrying a firearm in the commission of a robbery is a first degree felony, punishable by a term of years not exceeding life. § 812.13(2)(a), Fla.Stat. In addition, appellant was convicted for violation of section 784.06, Florida Statutes, which provided:
Whoever commits an assault on another, with intent to commit any capital felony or felony of the first degree shall be guilty of a felony of the second degree
[[Image here]]
This offense is now delineated at section 784.021, Florida Statutes, which provides:
(1) An “aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With intent to commit a felony.
(2) Whoever commits an aggravated assault shall be guilty of a felony of the third degree, ...
*434 In its initial calculation of appellant s presumptive parole release date, the Commission combined the two offenses charged by separate informations as one offense for purposes of the offense characteristic. The matrix time range was established as 192-240 months, including seventy-eight months aggravation based on the actual circumstances of the convicted offenses. Subsequently, the Commission restructured the case, specifying the most serious offense as assault with intent to commit first degree murder. The Commission’s restructuring effected no change in the amount of aggravation, the matrix time range, or the presumptive parole release date.
Our review of the convicted offenses in this case indicates that appellant’s most serious convicted offense was that of carrying a firearm in the commission of a robbery. Therefore, appellant’s presumptive parole release date should be calculated on the basis of the robbery as the most serious offense for purposes of the salient factor score.
Accordingly, we reverse the order denying appellant’s petition for mandamus relief. Upon remand, the Commission is directed to determine appellant’s most serious offense based on the statutes and rules in effect when appellant was interviewed for parole consideration, and to recalculate appellant’s matrix time range on the basis of the most serious convicted offense.
ERVIN and BARFIELD, JJ., concur.