PER CURIAM.
The Florida Parole Commission seeks review of an order granting Criner’s petition for writ of mandamus. We affirm that portion of the order concluding that the Commission erred in determining Criner’s salient factor score, and directing that his presumptive parole release date be recalculated accordingly. However, we reverse that portion *52 of the order concluding that the Commission erred in classifying Criner’s 1966 rape conviction as a capital felony,[1] and directing that it be characterized as a life felony for purposes of determining the offense severity rating.
The entitlement to mandamus relief is dependent upon the showing of clear legal right on the part of the petitioner, and an indisputable legal duty of the part of the respondent. Mandamus may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established by law. Florida League of Cities v. Smith, 607 So.2d 397 (Fla.1992). However, Criner has failed to identify any authority, either before this court or the court below, for his position that he is entitled to have his 1966 conviction treated as a life felony for purposes of parole computation. We therefore conclude that the trial court erred in granting mandamus relief on this claim.
Moreover, even assuming mandamus was available to establish the entitlement to an enforceable right, we are not persuaded that Criner’s position is correct. In finding otherwise, the trial court concluded that in view of decisions holding that imposition of the death penalty for the crime of rape violates the constitutional prohibition against cruel and unusual punishment,[2] and because the sexual battery committed by Criner is now classified as a life felony, the parole commission was precluded from classifying the conviction as a capital felony in determining the offense severity rating. This reasoning, however, fails to account for the number of decisions indicating that although imposition of the death penalty may be constitutionally impermissible in a given case, the legislature’s classification of a crime as a capital felony is nonetheless controlling for other purposes.
In State v. Hogan, 451 So.2d 844 (Fla. 1984), the court held that, “[t]he degree of the crime is what the legislature says it is, and, just because, a portion of a crime designated ‘capital’ cannot be carried out, the degree is not lessened,” for purposes of determining the penalty for attempted capital offenses. Id. at 845; see also, Rusaw v. State, 451 So.2d 469 (Fla.1984). Similarly, in Batie v. State, 534 So.2d 694 (Fla.1988), the supreme court approved a decision of this court holding that although the imposition of the death penalty for the offense of sexual battery on a child was constitutionally impermissible, the legislature’s classification of the crime as a capital offense controlled for purposes of determining eligibility for posteon-viction bond. We conclude that this reasoning applies with equal force to the area of parole release calculations, and compels the conclusion that the parole commission properly treated Criner’s crime as a “capital felony,” in accordance with its legislative classification at the time of commission.
We are likewise unpersuaded by Criner’s suggestion that he is entitled to have this crime classified as a life felony because, for reasons not clear from the record, judgment and sentence were reimposed in 1981, by which time the crime he committed could no longer lawfully be the subject of the death penalty. See, Castle v. State, 330 So.2d 10 (Fla.1976) (law in effect at time of commission of crime controls penalty at sentencing); Faucett v. Florida Parole and Probation Commission, 413 So.2d 1282 (Fla. 1st DCA 1982) (parole commission is bound by the statutory classification in effect at the time a crime is committed).
For the reasons expressed herein, the order granting mandamus relief is AFFIRMED IN PART, and REVERSED IN PART.
BARFIELD, MINER and MICKLE, JJ., concur.

. At the time of commission, Criner’s offense was classified as a capital felony pursuant to § 794.01 (Fla.Stat.1965). Criner was sentenced to a term of life imprisonment.

. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).