715 So.2d 382 (1998)
Ion SANCHO, Supervisor of Elections, Leon County, Florida, Appellant,
v.
Manny JOANOS, Appellee.
No. 98-2768.
District Court of Appeal of Florida, First District.
August 25, 1998.
Rehearing Denied August 27, 1998.
*383 Chris Haughee, and Joseph B. Donnelly, of Greene, Donnelly & Schermer, Tallahassee, for appellant.
Carl R. Pennington, Jr., Cynthia S. Tunnicliff, and Barbara D. Auger, of Pennington, Moore, Wilkinson, Bell & Dunbar, Tallahassee, for appellee.
Mark Herron, Tallahassee, for amicus curiae Leon County Democratic Executive Committee.
Ronald A. Labasky, of Skelding, Labasky, Corry, Hauser, Jolly & Metz, Tallahassee, for amicus curiae Florida State Association of Supervisors of Elections, Inc.
Don Bell, General Counsel, and Emmett Mitchell, IV, Assistant General Counsel, Tallahassee, for amicus curiae Department of State, Division of Elections.
PER CURIAM.
Ion Sancho, the Supervisor of Elections for Leon County ("the supervisor"), appeals an order of the circuit court granting mandamus relief to Manny Joanos, a candidate for re-election to the Board of County Commissioners of Leon County. In this order, the circuit court ruled that the supervisor was required by section 99.061(7)(b), Florida Statutes (1997), to notify Mr. Joanos that he had not timely filed all qualifying papers required by section 99.061(7)(a) within the qualifying period prescribed by section 99.061(2). The circuit court therefore ordered the supervisor to permit Mr. Joanos to file qualifying papers after the close of the statutory qualifying period. The parties' dispute centers on when the duty of notice arises under section 99.061(7)(b). Because this statute does not impose a clear, indisputable legal duty on the supervisor to provide notice to Mr. Joanos under the circumstances of this case, we conclude that mandamus relief was not appropriate, and we reverse the order.

Facts and Procedural History
Under section 99.061(2), the qualifying period for prospective candidates for county offices in the 1998 elections ran from 12:00 noon on Monday, July 13 through 12:00 noon on Friday, July 17, 1998. Section 99.061(7)(a) states that in order for a candidate to be qualified, he or she must file six separately identified papers with the supervisor of elections "by the end of the qualifying period." Mr. Joanos filed one of the six documents identified in the statute, his form for the appointment of campaign treasurer and designation of campaign depository, in January 1998. Another required item is a check for the qualifying fee or a copy of the notice that the candidate has obtained a ballot position pursuant to section 99.095, which prescribes a petitioning process whereby a candidate may qualify for ballot placement without paying the qualifying fee or party assessment. In this case, Mr. Joanos utilized the petition process and was issued such a notice by the supervisor on June 18, 1998. This notice indicated that Mr. Joanos had submitted sufficient petitions to obtain a ballot position, "in lieu of paying the qualifying fee, subject to completion of other qualifying requirements."
As the qualifying period approached, the supervisor sent Mr. Joanos and all other declared candidates a letter on June 30, 1998, reminding them of the dates of the qualifying period, advising them that the qualifying forms would take approximately 30 minutes to complete, and warning them that the failure to have all required documents completed and filed by the close of the qualifying period would render their candidacy "null and void." Mr. Joanos received and briefly reviewed this letter, noted the qualifying period, but believing that he had satisfied all requirements for qualifying, put it aside. As *384 a consequence, he filed no qualifying papers with the supervisor during the qualifying period, and at the close of that period, four of the items required by section 99.061(7)(a) had not been filed.[1]
During the qualifying period, Mr. Joanos did not contact the supervisor to confirm his erroneous belief that he had properly qualified. Nor did the supervisor contact Mr. Joanos to inform him that all required items had not been filed. Shortly after the close of qualifying, Mr. Joanos learned that he had not properly qualified, and after the supervisor rejected his request to file the missing documents out of time, he filed his complaint for writ of mandamus in the circuit court.
In his complaint below, Mr. Joanos predicated his claim for mandamus relief on the allegation that the supervisor had failed to perform the duty imposed upon him by section 99.061(7)(b), which provides in relevant part as follows:
If the filing officer receives qualifying papers that do not include all items as required by paragraph (a) prior to the last day of qualifying, the filing officer shall make a reasonable effort to notify the candidate of the missing or incomplete items and shall inform the candidate that all required items must be received by the close of qualifying.
The complaint sought the issuance of a writ of mandamus (i) to require the supervisor to give notice as to any missing and incomplete items which the supervisor deems necessary to the qualification of Mr. Joanos as a candidate for the office of Leon County Commissioner; (ii) to require the supervisor to accept as validly and timely filed any documents submitted by Mr. Joanos in response to such notice; and (iii) upon Mr. Joanos furnishing any missing and incomplete items, to require the supervisor to submit to the Department of State the name of Mr. Joanos as a candidate for such office.
Following an evidentiary hearing, the circuit court concluded that "[u]nder the above facts and statute, [the supervisor] had a clear legal duty to make a reasonable effort to notify [Mr. Joanos] that he needed to file the [missing documents] before the close of qualifying." It therefore granted the request for mandamus relief, and required the supervisor to notify Mr. Joanos of the missing or incomplete items and accept as timely filed any qualifying papers submitted by Mr. Joanos within the time allotted by the order.

The Parties' Arguments
In their arguments to this court, the parties take markedly different positions on what constitutes a "qualifying paper" (a term not defined in the statute) and on the nature and scope of the duty imposed by section 99.061(7)(b). According to the supervisor, "qualifying papers" are only those documents listed in section 99.061(7)(a) and tendered for filing during the statutorily designated qualifying period. Thus, the supervisor argues, Mr. Joanos' reliance on section 99.061(7)(b) is misplaced since the act that triggers the notification requirementthe filing of incomplete papers during the qualifying period did not occur in this case.
In turn, Mr. Joanos argues that qualifying papers are those documents described in section 99.061(7)(a), without regard to whether they are filed during the qualifying period. Under this construction, because Mr. Joanos had filed some of the described documents, albeit not during the qualifying period, the supervisor was clearly obligated under section 99.061(7)(b) to inform him that all of the required items had not been filed.[2]

*385 The Extraordinary Nature of Mandamus Relief

Below, Mr. Joanos sought only the extraordinary relief available by way of mandamus. Mandamus issues to require the performance of a ministerial duty imposed by law on a public official. City of Coral Gables v. State ex rel. Worley, 44 So.2d 298 (Fla. 1950). Well established principles of Florida law dictate that Mr. Joanos' entitlement to the relief he sought below was dependent upon his showing the existence of a clear legal right on his part, and an indisputable legal duty on the part of the supervisor. See, e.g., Florida Parole Commission v. Criner, 642 So.2d 51 (Fla. 1st DCA 1994). In this regard, the extraordinary writ of mandamus may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established in law. Id.; see also Florida League of Cities v. Smith, 607 So.2d 397 (Fla.1992). Thus, as his counsel correctly conceded at oral argument, the granting of mandamus relief in this case was not warranted unless the interpretation Mr. Joanos advocates is the only reasonable construction of the statute.

Analysis
Having carefully considered the statutory interpretations advocated by the parties, we conclude that section 99.061(7)(b) is susceptible of more than one reasonable construction. Further, we find that the interpretation placed on the statute by the supervisor is a reasonable one. Where a candidate presents himself before a filing officer for qualifying during the first four days of the qualifying period and submits incomplete qualifying documents, the filing officer clearly has a duty under section 99.061(7)(b) to make a reasonable effort to notify the candidate of any missing or incomplete documents and of the deadline for submission of those items. This factual context was obviously in the minds of legislators when the statutory language was adopted.
The statute does not, however, clearly reflect whether the legislature also intended the duty to arise in the factual context of the present case, where the candidate has filed some papers described in section 99.061(7)(a) before the qualifying period but has made no effort to qualify during the qualifying period. Although the statute might arguably be read to give rise to a duty under these circumstances, the legislative intent to impose such a duty is not clear. What have been referred to as "missing or incomplete items" in the present casethe candidate's oath, the loyalty oath, the party designation, and the full and public disclosure of financial interests were not, in fact, missing or incomplete at the time that Mr. Joanos made his pre-qualifying period filings. Those items could not then have been considered missing or incomplete because the election law contemplates that those items will be filed with the supervisor only within the qualifying period. Although one might speculate that the legislature nevertheless intended that those items be considered missing or incomplete by operation of law as of the beginning of the qualifying period, thus giving rise to a statutory duty to notify at that time, that intent is not apparent from the statutory language.
The two most authoritative non-judicial sources for interpretation of the Florida election laws are probably the Florida Secretary of State, who is designated the chief election officer of the state by section 97.012, and the Florida State Association of Supervisors of Elections, both of whom have filed amicus curiae briefs in this case. The uncertain applicability of the section 99.061(7)(b) duty in the present case is made most apparent by the fact that these authoritative sources reach different conclusions as to whether the statutory duty might exist in the factual context of this case.
In summary, even though the interpretation urged by Mr. Joanos might be a reasonable reading of the statute, we do not find the supervisor's view of this statute unreasonable. There being more than one reasonable reading of section 99.061(7)(b), the interpretation urged by Mr. Joanos cannot be said to be clear and indisputable. Thus, the supervisor did not have an indisputable legal duty under the statute to provide notice to Mr. Joanos, and Mr. Joanos did not have a clear legal right to the performance of that *386 duty. Because courts may not establish new rights in a mandamus proceeding, and no clear, certain, indisputable and well-established right or duty exists here, the trial court erred when it granted the extraordinary relief of mandamus. Accordingly, we reverse the order of the circuit court granting the writ of mandamus.
ALLEN, BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] Three of the four missing items are contained on a single form, and the fourth, a financial disclosure form, had previously been filed by Mr. Joanos with the Secretary of State in order to satisfy the disclosure requirements of Chapter 112, but had not been filed with the supervisor.
[2] Although unnecessary to the decision herein, and not argued to the trial court or in the briefs before this court, we note that even under the construction of the statute urged by Mr. Joanos, any duty of the supervisor to notify was arguably discharged by the June 30 letter. The letter reminded Mr. Joanos of the dates of the statutory qualifying period, the need to ensure that all required documents were filed prior to the expiration of that period, and the consequences of the failure to do so.