745 So.2d 514 (1999)
Jean Claude ST. SURIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2379.
District Court of Appeal of Florida, Third District.
November 24, 1999.
*515 William Dale Whitice, Coconut Grove, for appellant.
Robert A. Butterworth, Attorney General and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before JORGENSON, GERSTEN, and GREEN, JJ.
GREEN, J.
The appellant, Jean Claude St. Surin, was convicted of robbery without a firearm after a jury trial and was given an enhanced sentence due to the trial court's determination that an aggravating factor existed. His sole argument on this appeal is that the trial court erred in imposing an upward departure sentence pursuant to section 921.0016(3)(e), Florida Statutes (1997)[1] based upon the aggravating factor that his commission of the robbery in this case occurred within six months of his release from a juvenile probationary sentence. We disagree and affirm.
Pursuant to section 921.0016(3)(e), a trial court may impose an upward departure sentence if the offense before the court for disposition was committed within 6 months after the defendant was discharged from a release program as defined in section 921.0011(6), Florida Statutes (1997). Prior to 1995, section 921.0011(6) specifically defined release program as follows:
(6) Release program includes:
(a) Parole.
(b) Control release, including emergency control release.
(c) Probation.
(d) Community control.
(e) Pretrial intervention or diversion.
(f) Provisional release supervision.
(g) Conditional release supervision.
(h) Supervised community release supervision.
(i) Conditioned medical release supervision.
§ 921.0011(6), Fla. Stat. (Supp.1994). In 1995, however, the Florida Legislature amended this section to its current form as follows:
(6) "Community Sanction" includes:
(a) Probation.
(b) Community control.
(c) Pretrial intervention or diversion.
§ 921.0011, Fla. Stat. (1997).
Based upon this amendment, the appellant first asserts that there is currently no statutory definition of "release program" as referenced in section 921.0016(3)(e) and in the absence of such a definition, the trial court was without authority to impose a departure sentence pursuant to this section. Alternatively, the appellant appears to argue that section 921.0016(3)(e) is ambiguous and susceptible to differing interpretations as to whether the legislature intended to include juvenile probation within its purview. Thus, the appellant maintains that under the rule of lenity, this criminal statute must be construed most favorably to him as the accused. See Cabal v. State, 678 So.2d 315, 318 (Fla.1996); Johnson v. State, 602 So.2d 1288, 1290 (Fla.1992); Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991). We disagree with both such arguments.
Criminal statutes must assuredly be strictly construed, but they are not to be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature. In other words, such strict construction is subordinate to the rule that the intention of the lawmakers must be given effect. See State v. *516 Rivkind, 350 So.2d 575, 576-77 (Fla. 3d DCA 1977) (citing George v. State, 203 So.2d 173, 176 (Fla. 2d DCA 1967)). In this case, the fact that the legislature has elected to delete a specific statutory definition of the term "release program" in section 921.0011(6)(e) and instead define this term by reference to the term "community sanction" in that section does not, in our opinion, render the appellant's enhanced sentence invalid. Cf. State v. Mark Marks, P.A., 698 So.2d 533, 537 (Fla.1997) (holding that "`The legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague'"); see also State v. Hagan, 387 So.2d 943, 945 (Fla.1980) (concluding that "In the absence of a statutory definition, resort may be had to provisions which define the term and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense."). It would have perhaps been the better or clearer course if the legislature had continued to maintain an explicit statutory definition for "release program" as opposed to redefining it in terms of a "community sanction." However, we believe that the legislative's choice or means of defining "release program" for purposes of section 921.0016(3)(e) was well within its prerogative. See e.g. State v. Mitro, 700 So.2d 643, 645 (Fla.1997) (stating that "Perhaps it would have been better legislative drafting if the legislature had not chosen the shorthand method of referring to section 232.03, Florida Statutes (1993), and had set out in section 877.18, Florida Statutes (1993), what evidence of proof of age was required. However, we believe the choice of drafting was within the legislative prerogative and that the reference to section 232.03, Florida Statutes (1993) does not render the statute ambiguous or vague."). Moreover and most importantly, since probation was included in the term "release program" in the former section 921.0011(6), and is currently included in the term "community sanction" in the present section 921.0011(6), the legislature clearly intended a recent release from a probationary term to be a consideration in a trial a court's determination of whether to impose an enhanced sentence. We therefore find the appellant's first challenge to this statute to be without merit.
Equally without merit, we think, is the appellant's alternative argument that section 921.0016(3)(e) is susceptible to differing interpretations as to whether the legislature intended to include both juvenile and adult probationary sentences within its scope. If the legislature had intended to exclude juvenile probationary sentences from the scope of this statute, it could have easily done so. As the state correctly points out, the legislature has not differentiated between adult probation and juvenile probation in any of Florida's sentencing guidelines statutes. See §§ 921.0001-.243, Fla. Stat. (1995). Additionally, since a defendant's juvenile record is a factor which can be taken into consideration under the sentencing guidelines,[2] we cannot presume that the legislature did not intend to exclude juvenile probation as a release program under section 921.0016(3)(e).
For the foregoing reasons, we affirm the appellant's conviction and sentence.
Affirmed.
NOTES
[1] Specifically, that statute provides:

(3) Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
* * *
(e) The offense before the court for disposition was committed within 6 months after the defendant was discharged from a release program, as defined in s. 921.0011(6), or released from state prison, whichever is later. (emphasis added).
[2] For example, under section 921.0011(5), Florida Statutes (Supp.1996), the term "prior record" is defined as a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense. Furthermore, section 921.0016(3)(s), Florida Statutes (1995) permits a departure sentence where the defendant has an extensive unscoreable juvenile record.