852 So.2d 922 (2003)
STATE of Florida, Appellant,
v.
Richard E. PHILLIPS, Appellee.
No. 1D02-456.
District Court of Appeal of Florida, First District.
August 21, 2003.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellant.
Martin S. Page, Lake City, for Appellee.
ERVIN, J.
The state appeals from an order in which the trial court dismissed Count I of an amended information, finding that section 322.34(5), Florida Statutes (2001), the statute upon which Count I was based, was constitutionally deficient, because it did not charge a crime. We reverse with directions to reinstate Count I.
After appellee, Richard E. Phillips, had been designated a "habitual traffic offender" in 1998 under section 322.264, Florida Statutes (1997),[1] his license was revoked under section 322.27(5), Florida Statutes (1997).[2] When Phillips was involved in a traffic accident on September 7, 2001, the state charged him in Count I of the information with a violation of section 322.34(5), Florida Statutes (2001),[3] which makes it a *923 third-degree felony for a person to drive with a license "revoked pursuant to s. 322.264 (habitual offender)."[4] Phillips moved to dismiss Count I.
Relying upon the statutory maxim that penal statutes must be strictly construed in favor of the accused, the court stated that section 322.34(5) was constitutionally deficient, because it referred to section 322.264 as authority for the revocation of Phillips' license, whereas the latter statute only defined the criteria for finding a person to be a habitual traffic offender. The court acknowledged that section 322.27(5) authorizes the revocation of a driver's license of a person who is designated a habitual offender under section 322.264, but reasoned that the reference to that statute in the information could not correct the facial deficiency of section 322.34(5). The court observed that section 322.34(5)'s constitutional infirmity could be cured by the legislature simply amending the language therein by substituting section 322.27(5) for section 322.264.
The court's interpretation of the statute is one of law; therefore, our review standard is de novo. In our judgment, the statute fairly placed Phillips on notice of the offense for which he was accused. While we agree with the lower court that Phillips' driver's license was not revoked in accordance with the provisions of section 322.264, but rather those of section 322.27(5), which provides, as stated, for the revocation of a license of anyone defined as a habitual offender, we cannot agree that such reference renders section 322.34(5) constitutionally invalid.
The court arrived at its conclusion by construing the term "pursuant to" to mean only "in accordance with" the provisions of section 322.264. The statutory term, however, has various meanings. According to Bryan A. Garner, A Dictionary of Modern Legal Usage 721 (2d ed.1995), "pursuant to" is used to mean: "(1) in accordance with; (2) under; (3) as authorized by; or (4) in carrying out." The author cautions: "Because the phrase means so many things, it is rarelyif everuseful. Lawyers are nearly the only ones who use the phrase, and they often use it imprecisely." An example furnished in Bryan A. Garner's A Dictionary of Modern American Usage 544 (1998), includes the following example of one of its usages: "`The virus-infected trees constitute "a public nuisance pursuant to [read as defined by] the Civil Code and Food and Agricultural Code," Wallace wrote in his ruling.'" (Citation omitted.)
It has long been recognized that the rule that penal statutes must be strictly construed is subordinate to the rule that the intention of the legislature must be given effect. See, e.g., Deason v. Dep't of Corrections, 705 So.2d 1374 (Fla.1998); State v. Ramsey, 475 So.2d 671 (Fla.1985); Lincoln v. Fla. Parole Comm'n, 643 So.2d 668 (Fla. 1st DCA 1994); St. Surin v. State, 745 So.2d 514 (Fla. 3d DCA 1999); George v. State, 203 So.2d 173 (Fla. 2d DCA 1967). That maxim is honored by construing the phrase, "pursuant to," as meaning "as defined *924 by," thereby making it an offense for a person to drive when his or her license has been revoked because he or she is a habitual traffic offender under or as defined by section 322.264.
REVERSED and REMANDED with directions.
BARFIELD and ALLEN, JJ., CONCUR.
NOTES
[1] This statute identifies a habitual traffic offender as one who has compiled a number of specified convictions within a five-year period.
[2] Section 322.27(5) provides:

The department shall revoke the license of any person designated a habitual offender, as set forth in s. 322.264, and such person shall not be eligible to be relicensed for a minimum of 5 years from the date of revocation....
[3] Section 322.34(5), provides:

Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[4] Count I charged Phillips as follows:

JERRY M. BLAIR, State Attorney of the Third Judicial Circuit of Florida, charges that RICHARD EUGENE PHILLIPS on or about the seventh day of SEPTEMBER, 2001, in COLUMBIA County, Florida, while his driver's license had been revoked pursuant to F.S. 322.27(5) (Habitual Offender), did drive a motor vehicle upon the highways of this state, contrary to Florida Statute 322.34(5).