877 So.2d 861 (2004)
FLORIDA CAUCUS OF BLACK STATE LEGISLATORS, INC. d/b/a/ Florida Conference of Black State Legislators, et al, Appellants,
v.
James CROSBY, in his official capacity as Secretary of the Florida Department of Corrections, Appellee.
No. 1D03-3370.
District Court of Appeal of Florida, First District.
July 14, 2004.
*862 Randall Marshall, Esquire, ACLU of Fla. Foundation, Inc., Miami; Randall C. Berg, Jr., Esquire and Peter M. Siegel, Esquire of Florida Justice Institute, Inc., Miami, for Appellants.
Charlie Crist, Attorney General; James A. Peters, Special Counsel, Office of the Attorney General, Tallahassee, for Appellee.
Deborah Goldberg and Jessie Allen, Brennan Center for Justice at NYU School of Law, New York, NY, Amicus Curiae.
POLSTON, J.
Appellants brought an action seeking a writ of mandamus, or injunctive and declaratory relief, to compel the Secretary of the Florida Department of Corrections to comply with section 944.293, Florida Statutes (2002), which states:
Initiation of restoration of civil rights.  With respect to those persons convicted of a felony, the following procedure shall apply: Prior to the time an offender is discharged from supervision, an authorized agent of the department shall obtain from the Governor the necessary application and other forms required for the restoration of civil rights. The authorized agent shall assist the offender in completing these forms and shall ensure that the application and all necessary material are forwarded to the Governor before the offender is discharged from supervision.
(Emphasis added). The trial court entered a final judgement on July 25, 2003, granting retroactive relief for the offenders who were released from prison or supervision during the period between 1992 and 2001. The retroactive relief is not at issue in this appeal. Because the trial court had previously dismissed the mandamus portion of appellants' complaint, no prospective relief was granted. Appellants argue on appeal that this Court should reverse the trial court's order dismissing the petition for a writ of mandamus and remand with instructions to issue the writ *863 requiring compliance with section 944.293. We agree.

I.
Although an "E-list" or "E-application" is deemed the requisite application by the Office of the Governor, the parties agreed at oral argument that 85% of all offenders must also submit form ADM 1501A to seek restoration of their civil rights. It is undisputed that form ADM 1501A was not being provided to offenders prior to their discharge. Accordingly, the Department is not complying with the requirement of section 944.293 to provide "other forms required for the restoration of civil rights" to offenders prior to their discharge.
The trial court ruled that mandamus was not appropriate because the Department's statutory obligations are discretionary, rather than ministerial. Because the legislature chose to use the word "shall" throughout section 944.293, the Department's obligations are not discretionary.[1]See Osterback v. Singletary, 679 So.2d 43, 44 (Fla. 1st DCA 1996) (reversing the trial court's order denying petition for writ of mandamus with directions to grant the petition because the defendant was excluded from the hearing when the applicable statute stated that the defendant "shall be present at the hearing"); Stanford v. State, 706 So.2d 900, 902 (Fla. 1st DCA 1998) (stating that the normal meaning of the word "shall" is mandatory).
The trial court also ruled that mandamus was not appropriate because the Department's statutory obligations are not clearly stated in section 944.293. Generally, an "extraordinary writ of mandamus may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established in law." Sancho v. Joanos, 715 So.2d 382, 385 (Fla. 1st DCA 1998). However, "[t]he fact that we may need to examine and interpret the statute in order to determine whether there is such a right [for the petitioner] does not make the right any more or less `clear.'" Schmidt v. Crusoe, 878 So.2d 361, 363, 2003 WL 1987971 (Fla. May 1, 2003) (granting petition for writ of mandamus), motion for reh'g filed, No. SC00-2512 (Fla. May 21, 2003). While we agree with the trial court that the Department's statutory obligations are ambiguous, according to Schmidt, it is appropriate for us to interpret an ambiguous statute and then determine it to be sufficiently "clear" for the purpose of mandamus. Our standard of review in interpreting section 944.293 is de novo. See State v. Phillips, 852 So.2d 922, 923 (Fla. 1st DCA 2003) (ruling that the "court's interpretation of the statute is one of law; therefore, our review standard is de novo").

II.
The first requirement of section 944.293 is: "Prior to the time an offender is discharged from supervision, an authorized agent of the department shall obtain from the Governor the necessary application and other forms required for the restoration of civil rights." (Emphasis added). Appellants do not contest whether the Department obtained form ADM 1501A from the Governor, but rather they contend that the required form must be given to the offenders in order to assist the offenders as required by the last sentence of section 944.293: "The authorized agent shall assist the offender in completing these forms and shall ensure that the *864 application and all necessary material are forwarded to the Governor before the offender is discharged from supervision." Although the last sentence of section 944.293 requires the Department to assist the offender, what specifically is expected of the Department is ambiguous.
We agree with the appellants that reading these provisions together requires the Department to provide the requisite forms to the offenders prior to their discharge. See Young v. Progessive S.E. Ins. Co., 753 So.2d 80, 84 (Fla.2000) (stating that "[i]t is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another;" quoting from Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)). We also agree with the appellants that the Department must then assist the offenders in completing the required forms as stated in the statute. But the Department cannot force its assistance on the offenders and require them to complete the forms. Accordingly, we construe the statute to require the Department to offer its help in completing the forms and then respond with assistance when requested by the offenders. See Merriam-Webster's Collegiate Dictionary 70 (10th ed.1993) (defining "assist" as to "stand by"). The appellants expressly stipulated to the trial court that they do not contend that the Department has ever refused a request by an inmate for assistance in applying for the restoration of voting rights.
We agree with the Secretary of the Department that the Florida Constitution expressly vests power to grant pardons and clemency solely with the executive branch. See Art. IV, § 8, Fla. Const.; Parole Comm'n v. Lockett, 620 So.2d 153, 157 (Fla.1993); Randall v. F.D.L.E., 791 So.2d 1238, 1241 (Fla. 1st DCA 2001), rev. dismissed, 845 So.2d 892 (Fla.2003). However, the Department is a creature of the Florida Legislature, see § 20.315, Florida Statutes (2002), and the Legislature has directed the Department to help offenders with their applications through section 944.293. Although the Secretary of the Department is appointed by the Governor, subject to confirmation by the Senate, and serves at the pleasure of the Governor, the Secretary "shall ensure that the programs and services of the department are administered in accordance with state and federal laws, rules, and regulations, with established program standards, and consistent with legislative intent." See § 20.315(3), Fla. Stat. (emphasis added). The legislature is not violating separation of powers, see Art. II, § 3, Fla. Const., by requiring the Department to provide these services to offenders because the statute does not limit the Governor's sole discretion to restore civil rights and there is no contrary Florida Constitutional restriction.

Conclusion
Therefore, we reverse the trial court's order dismissing the petition for a writ of mandamus and remand with instructions to issue the writ requiring the Department to provide the offenders with an application and any other forms necessary to obtain the Governor's review for restoration of civil rights, and to inform them that the Department will assist in the preparation of the forms upon their request, prior to their discharge.
REVERSED and REMANDED with instructions.
WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[1] The Department "shall obtain" the required application and forms, "shall assist the offender in completing these forms," and "shall ensure" the documentation is forwarded to the Governor before the offender's discharge. § 944.293, Fla. Stat. (Emphasis added).